## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 1998-CP-01327-SCT

*HERBERT HOUSE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/19/1998 |
| TRIAL JUDGE: | HON. GEORGE C. CARLSON JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | ROBERT L. WILLIAMS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/18/1999 |
| MOTION FOR REHEARING FILED: | 12/30/99; denied 2/17/2000 |
| MANDATE ISSUED: | 12/09/99; 2/24/2000 |

## BEFORE SULLIVAN, P.J., BANKS AND WALLER, JJ.

## WALLER, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE AND FACTS

¶1. This is a *pro se* appeal from the DeSoto County Circuit Court's dismissal of a motion to vacate and set aside sentence filed by Herbert House.

¶2. On September 2, 1987, House was indicted by the DeSoto County grand jury for the murders of his wife, Betty House, and her lover, Anthony Henson. After House shot the two victims, he put the gun in his own mouth and pulled the trigger. House was not killed, but he did suffer extensive injuries and was hospitalized for a long time. He had substantially recovered by the time he was sentenced.

¶3. After undergoing an examination to determine his competency to stand trial, House appeared in DeSoto County Circuit Court on January 12, 1989, and pled guilty to two murder counts. The court retained jurisdiction of the case, deferred sentencing, and ordered House to be confined at Westhaven Home in Jackson, Mississippi, which is a convalescence facility for people with mental and medical problems.

¶4. The court-ordered confinement was conditioned upon the receipt of semi-annual reports from Westhaven confirming that House was (1) indeed confined at Westhaven; (2) undergoing treatment for his medical condition; and (3) abiding by Westhaven's rules. All parties affirmatively indicated that they understood that, as long as all three conditions were being met, sentencing would not take place. The court, in retaining jurisdiction, made it clear that House could again be brought before the court and sentenced to

life imprisonment.

¶5. On June 1, 1994, responding to the State's assertion that House was in breach of the conditions placed upon the deferred sentencing order, the court sentenced House to two consecutive life imprisonment sentences in the custody of the Mississippi Department of Corrections.

¶6. On September 9, 1996, House filed a "Motion to Alter Judgment, Motion to Vacate Plea Agreement, Request for Instruction from the Court," and before this motion was ruled upon, he filed a "Motion to Withdraw a Previously Entered Guilty Plea and Set Aside Sentencing," on December 6, 1996. On January 16, 1997, the trial court deemed the first motion to be abandoned and denied the second motion, finding that it did not substantially comply with the procedural requirements of Miss. Code Ann. § 99-39-9(1)(c), (d), (e) & (4) (1995). House timely received notice of the court's actions. He then filed a third motion on December 29, 1997, which the court dismissed as time-barred pursuant to Miss. Code Ann. § 99-39-5(2) (Supp. 1999). House appeals the dismissal of his third motion and raises four issues on appeal:

> **I. WHETHER THE LOWER COURT ERRED WHEN IT DISMISSED HOUSE'S MOTION FOR POST-CONVICTION RELIEF AS TIME-BARRED PURSUANT TO MISS. CODE ANN. § 99-39-5(2).**

> **II. WHETHER THE LOWER COURT ERRED IN ACCEPTING HOUSE'S GUILTY PLEA.**

> **III. WHETHER THE TRIAL COURT ERRED BY REVOKING HOUSE'S PROBATION AND WHETHER THE PLEA AGREEMENT WAS SUBSEQUENTLY BREACHED.**

> **IV. WHETHER HOUSE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.**

¶**7.** We have examined House's assignments of error, and, finding them without merit, we affirm.

<u>**STATEMENT OF THE LAW**</u>

> **I. WHETHER THE LOWER COURT ERRED WHEN IT DISMISSED HOUSE'S MOTION FOR POST-CONVICTION RELIEF AS TIME-BARRED PURSUANT TO MISS. CODE ANN. § 99-39-5(2).**

¶8. Under Section 99-39-5(2) of the Uniform Post-Conviction Collateral Relief Act, a motion for post-conviction relief should be filed within three years from the entry of a judgment of conviction based upon a guilty plea. Miss. Code Ann. § 99-39-5(2) (Supp. 1999). House argues that his motion is not time-barred because his alleged mental incompetency implicates fundamental constitutional rights which may not be procedurally barred. Citing ***Kennedy v. State***, 626 So. 2d 103 (Miss. 1993), ***Grubbs v. State***, 584 So. 2d 786 (Miss. 1991), and ***Luckett v. State***, 582 So. 2d 428, 430 (Miss. 1991), he states that the Court has "consistently" excepted constitutional rights claims from the three-year statute of limitations. However, these cases all involved situations where the trial court plainly erred in sentencing the defendant beyond the maximum sentence allowed by the statute. Thus, House's reliance on these cases is misplaced.

¶9. There is no authority where alleged mental incompetence was held to have tolled the statute of limitations under the Act. In fact, authority shows otherwise. In ***Cole v. State***, 608 So. 2d 1313 (Miss. 1992), we stated:

[T]he fact that a barred claim is a just one or has the sanction of a moral obligation does not exempt it from the limitation period. These statutes of repose apply with full force to all claims and courts cannot refuse to give the statute effect merely because it seems to operate harshly in a given case. The establishment of these time boundaries is a legislative prerogative. That body has the right to fix reasonable periods within which an action shall be brought and, within its sound discretion, determine the limitation period. The legislature likewise has the right and power to exclude exceptions in the case of persons *non compos mentis*. We are not aware of any authority which holds that a post-conviction claim of incompetency may not be subject to reasonable time constraints.

*Id.* at 1317-18 (citations omitted).

¶10. House was sentenced on June 1, 1994. Since House did not file a petition which substantially complied with the Act until December 29, 1997, and the bases of his claims are not within the enumerated exceptions, House's claims are conclusively barred. The bar notwithstanding, House's other assignments of error are addressed below.

## II. WHETHER THE LOWER COURT ERRED IN ACCEPTING HOUSE'S GUILTY PLEA AS VALID.

¶11. Under this assignment, House argues that (a) he should have been allowed a competency hearing; (b) he was not competent to enter a guilty plea; and (c) he did not voluntarily and intelligently enter his guilty plea.

*a. Failure to conduct a competency hearing, sua sponte.*

¶12. House first insists that, although he did not request a competency hearing at or before his plea hearing, the trial court had reasonable grounds to believe that he was mentally incompetent to plead guilty and should have ordered a competency hearing *sua sponte*.

¶13. The United States Supreme Court has held that trial courts are obligated to conduct a competency hearing, either on the defendant's motion or *sua sponte*, if there is sufficient doubt about a defendant's competence. *Drope v. Missouri*, 420 U.S. 162, 180, 95 S. Ct. 896, 908, 43 L. Ed. 2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 378, 86 S. Ct. 836, 838, 15 L. Ed. 2d 815 (1966).

¶14. For the purposes of reviewing a decision to forego a competency hearing, the United States Court of Appeals for the Fifth Circuit has suggested the following test: Did the trial judge receive information which, objectively considered, should reasonably have raised a doubt about defendant's competence and alerted him to the possibility that the defendant could not understand the proceedings, appreciate their significance, or rationally aid his attorney in his defense[?]" *Lokos v. Capps*, 625 F.2d 1258, 1261 (5th Cir. 1980). The United States Supreme Court in *Drope*, 420 U.S. at 180, indicated that "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required."

¶15. To demonstrate that he was entitled to a competency hearing, House gleans the following from the record:

(1) House shot himself in an attempted suicide, destroying the aggressive part of his brain.

(2) House underwent treatment for a considerable length of time at Oakville Health Care Center in Memphis.

(3) House was taking medication for seizures.

(4) House was sent to Westhaven Home in Jackson, apparently because of his limited medical condition.

¶16. Before the court accepted House's guilty plea, the trial judge ordered an examination to be conducted relevant to his mental competence and his competence to stand trial. Margie Lancaster, M. D., of the Mississippi State Hospital responded with the following report:

In our opinion, [House] has a rational as well as factual understanding of the charges against him and is capable of assisting his attorney in preparing a defense.

We did not find any suggestion of a major mental disorder in this man. He may have some lingering impairment and personality changes from the gunshot wound; however, from what we saw today, he has made a good recovery from his injury.

¶17. Additionally, the trial judge thoroughly examined House concerning whether he was mentally alert and understood his decision to plead guilty. Judging from the transcript, House was lucid and engaged articulately in the exchange. He responded positively to each of the judge's questions and indicated that he was not under the influence of any intoxicating liquor, and that his medication for seizures did not in any way affect his ability to think clearly. House further indicated that he had no history of mental illness, that he had never been confined to a mental institution, and that he was presently thinking clearly.

¶18. Given Dr. Lancaster's conclusion and the lucid exchange between the judge and House, it appears that the facts and circumstances known to the trial judge at the time of House's guilty plea did not raise a "sufficient doubt" as to whether he was competent to plead guilty. Thus, the trial court did not err in foregoing a competency hearing.

> b. Guilty plea invalid because of incompetency

¶19. We next consider whether House's guilty plea was invalid on the ground that, despite the lack of a competency hearing, he actually was incompetent to enter a guilty plea.

¶20. The United States Supreme Court has held that an incompetent person -- regardless of whether a competency hearing was held -- has a due process right not to be convicted. *Drope,* 420 U.S. at 172, 95 S. Ct. at 904; *Pate,* 383 U.S. at 378, 86 S. Ct. at 838. A defendant is competent if he "has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.'" *Godinez v. Moran,* 509 U.S. 389, 396, 113 S. Ct. 2681, 2685, 125 L. Ed. 2d 321 (1993) (quoting *Dusky v. United States,* 362 U.S. 402 (1960)).

¶21. Pursuant to Rule 3.03 of the Uniform Criminal Rules of Circuit Court, the trial judge found House to be "mentally alert" and to have "a full understanding of the consequences of offering the [guilty plea]." Contrary to House's assertion of incompetency, House's testimony at the plea hearing and the report by Dr. Lancaster of State Hospital supports the trial court's finding.

¶22. This Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous. ***Schmitt v. State***, 560 So. 2d 148, 151 (Miss. 1990). House offered no evidence at the plea hearing or in his post-conviction relief motion to show that the trial court's finding of his competence to enter a guilty plea is clearly erroneous. Thus, House fails to show he was incompetent at the time of his guilty plea.

### c. Guilty plea not voluntarily nor intelligently made.

¶23. House argues that the trial court erred by finding that his guilty plea was voluntarily and intelligently made. Specifically, House argues that his plea was not voluntary because it was induced by a promise from his counsel that he would be sent to Westhaven Home in Jackson and would not have to serve any time in prison.

¶24. Our standard of review pertaining to voluntariness of guilty pleas is well settled: this Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous." ***Schmitt v. State***, 560 So. 2d at 151. Not considering the advice a defendant may have been given by his counsel, the questioning performed by the trial court and its explanations to the defendant of his rights and resulting consequences of a guilty plea may be sufficient to render the guilty plea voluntary without anything else. ***Sanders v. State***, 440 So. 2d 278, 288 (1983).

¶25. The burden of proving that a guilty plea is involuntary is on the defendant and must be proven by preponderance of the evidence. ***Schmitt v. State***, 560 So. 2d at 151 (superceded by Miss. Code Ann. § 99-39-23(7) (Supp. 1999)).

¶26. With this in mind, the Court reviews the entire record to make a determination of whether the guilty plea was voluntarily and intelligently entered. A review of the record reflects that House's plea was voluntarily and intelligently made. At the plea hearing, House indicated that he had signed a petition for the court to accept his guilty plea to two counts of murder. The judge inquired as to whether he understood that by signing the petition he was asking the court to allow him to plead guilty to both murder counts, and House answered in the affirmative. House was then informed of his constitutional right to a jury and all rights incidental to trial. House stated that he understood he could receive life imprisonment and that no one had promised him leniency or mercy, or intimidated him in return for his guilty plea. Therefore, House has failed to show that his guilty plea was induced by a promise that he would never have to serve time in prison.

¶27. In sum, this assignment of error is without merit.

### III. WHETHER THE TRIAL COURT ERRED BY REVOKING HOUSE'S PROBATION AND WHETHER THE PLEA AGREEMENT WAS SUBSEQUENTLY BREACHED.

¶28. House argues that his plea agreement was breached when the trial judge erroneously revoked his probation. The record, however, makes it clear that House was not on probation. The court entered an order conditionally deferring sentencing. The judge made it abundantly clear to House that if circumstances so warranted, House could be brought back before the court and sentenced to life imprisonment.

¶29. However, it was improper for the trial court for indefinitely deferring House's sentencing. Miss. Code Ann. § 97-3-21 (1994) requires that every person convicted of murder "shall" be sentenced to imprisonment for life in the State Penitentiary. There is no statutory authority which allows a trial court to defer indefinitely sentencing or simply not sentence a convicted murderer.

¶30. Nevertheless, House sought and received an order conditionally deferring sentencing, benefitted from it, and, unfortunately, violated the conditions of the order, which is why a sentencing hearing was subsequently held. House cannot now be heard to complain that the plea agreement was breached. This issue is without merit.

## IV. WHETHER HOUSE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

¶31. House finally claims ineffective assistance of counsel. This Court follows the *Strickland* test for determining when a defendant has been ineffectively represented by counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Mowdy v. State*, 638 So. 2d 738, 742 (Miss. 1994). Under that standard the defendant must overcome a strong presumption of effectiveness to show that the attorney's performance was deficient. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The defendant must also show that the mistake or mistakes were so prejudicial as to convince this Court with a reasonable degree of certainty that but for counsel's mistakes, the outcome would have been different. 466 U.S. at 694, 104 S. Ct. at 2068.

¶32. First, House argues that he was denied a fair trial when his attorney instructed him to sign the guilty plea petition when "it was clear or should have been clear that he was incompetent and could not intelligently . . . and [voluntarily] make such a decision." However, as we concluded above, House was competent and did enter his plea knowingly and voluntarily.

¶33. Secondly, House argues that defense counsel did not advise him of possible defenses and that if he had gone to trial he would have been convicted of manslaughter which carries a lighter sentence than the offense to which he pled guilty. At the plea hearing, however, House's counsel acknowledged that he was satisfied that if the case went to trial, the State would be able to meet its burden of proof beyond a reasonable doubt as to the essential elements of the crime. Also, House testified that he was satisfied with the services rendered by his attorney and that he had no complaints against him whatsoever. House has therefore failed to demonstrate that, but for his counsel's advice, the outcome would have been different.

¶34. House suggests that his attorney cheated him out of certain assets, but House offered no proof to substantiate this allegation. Moreover, it is irrelevant to an ineffective assistance of counsel claim.

¶35. Thus, in addition to the time bar of § 99-39-5(2), this assignment of error is without merit.

## CONCLUSION

¶36. House's appeal is procedurally barred because it was filed outside the three-year limitation allowed under the Mississippi Uniform Post-Conviction Collateral Relief Act. This procedural bar notwithstanding, House's assignments of error are without merit. Therefore, the judgment of the DeSoto County Circuit Court is affirmed.

¶37. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS AND COBB, JJ., CONCUR.**