785 So.2d 1079 (2001)
Richard McCRAY a/k/a King Richard, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00346-COA.
Court of Appeals of Mississippi.
March 27, 2001.
Rehearing Denied May 29, 2001.
*1081 Richard McCray, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, Jackson, Attorney for Appellee.
Before SOUTHWICK, P.J., MYERS, and CHANDLER, JJ.
CHANDLER, J., for the Court:
¶ 1. Richard McCray was indicted on two counts of sale of a controlled substance on December 12, 1995, and pled guilty to the charges on February 8, 1996. The Coahoma County Circuit Court sentenced McCray to two separate terms of twelve years imprisonment with five years suspended from each term. Both terms were to be served concurrently.
¶ 2. On August 23, 1999, McCray filed a motion to vacate his guilty plea and sentence, claiming that he received ineffective assistance of counsel and that his plea was involuntary. The circuit court denied McCray's motion without a hearing. McCray cites the following issues on appeal:
I. WHETHER McCRAY'S PLEA OF GUILTY WAS INVOLUNTARY?
II. WHETHER McCRAY RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL?
III. WHETHER THE TRIAL COURT ERRED WHEN IT FAILED TO MEET THE CRITERIA AS SET FORTH IN UCCCR 11.02 REGARDING THE PRE SENTENCE INVESTIGATION REPORT?
IV. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING AN EVIDENTIARY HEARING?
Finding no error, we affirm.

LAW AND ANALYSIS

I. WAS McCRAY'S PLEA OF GUILTY INVOLUNTARY?
¶ 3. McCray argues that his plea was involuntary alleging that his attorney promised him he would be sentenced to only three months probation, not the twelve years he received. McCray also claims that his attorney instructed him to lie to the court when asked whether he was promised anything in exchange for his guilty plea.
¶ 4. If a defendant is advised regarding the nature of the charge and the consequences of the plea, his plea is considered "voluntary and intelligent." Alexander v. State, 605 So.2d 1170, 1172 (Miss. 1992). Furthermore, "solemn declarations in open court carry a strong presumption of verity." Baker v. State, 358 So.2d 401, 403 (Miss.1978). In Houston v. State, 461 So.2d 720, 722 (Miss.1984), the court held where the record shows that the trial court fully informed the defendant of a mandatory sentence and the defendant acknowledged the sentence, the defendant's claimed expectation of a more lenient sentence is rebutted. A plea is rendered voluntary despite advice given to the defendant by his attorney, if the trial judge questions the defendant and explains his rights and the effects and consequences of the plea on the record. Roland v. State, 666 So.2d 747, 750 (Miss.1995); see Smith v. State, 636 So.2d 1220, 1225 (Miss.1994).
¶ 5. In this case, the record discloses that the trial judge thoroughly questioned McCray about his understanding of the effect of entering a guilty plea and sufficiently informed McCray of the minimum *1082 and maximum sentence of the crime. Furthermore, the trial judge asked McCray whether he had been induced to plead guilty by threats or promises on three occasions during the plea hearing. McCray responded "no" on all three occasions. The Court finds substantial evidence to show McCray's guilty plea was voluntary. Based on the facts in the record, this issue is without merit.

II. DID McCRAY RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 6. According to McCray, his attorney did not inform McCray of the nature and consequences of pleading guilty, did not inform the court of McCray's history of mental problems, did not request a competency hearing, and provided no defense. McCray argues that due to these claims his rights pursuant to the Sixth and Fourteenth Amendments to the Constitution were violated.
¶ 7. Claims of ineffective assistance of counsel are judged by the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two-part test set out in Strickland is applied to determine whether an attorney's assistance was deficient and, if so, whether the deficiency prejudiced the defendant to the point that "our confidence in the correctness of the outcome is undermined." Neal v. State, 525 So.2d 1279, 1281 (Miss.1987). This standard also applies to a guilty plea. Schmitt v. State, 560 So.2d 148, 154 (Miss.1990). There is a strong but rebuttable presumption that "counsel's conduct falls within a broad range of reasonable professional assistance." McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). To overcome this presumption, the defendant must show that "but for" the deficiency a different result would have occurred. Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
¶ 8. McCray's claim that he received ineffective assistance of counsel is not supported by any evidence other than McCray's individual affidavit. As previously stated, the trial court thoroughly informed McCray of the possible sentences he could receive as well as the rights he waived by pleading guilty. McCray has failed in his burden, under Strickland, to prove that his counsel was deficient or that but for his counsel's alleged promises he would have received a different outcome. McCray's broad claim that his attorney provided no defense, presumably at the sentencing hearing, is without basis. Numerous witnesses were called by McCray's attorney and the attorney gallantly argued on McCray's behalf during the sentencing hearing.
¶ 9. McCray's claim that his counsel was ineffective because he did not request a competency hearing is also meritless. The record clearly shows McCray was competent to stand trial and he suffered no mental infirmity when the crime was committed. In House v. State, 754 So.2d 1147, 1150 (Miss.1999), the court held that trial courts must conduct competency hearings on the defendant's motion sua sponte if there is sufficient doubt about a defendant's competence. Here, there was no reason for the trial judge to conduct such a hearing and a motion to hold a competency hearing would have been meritless.
¶ 10. McCray argues that his attorney should have known to ask for a competency hearing based on McCray's history of mental problems. He claims that his family members and medical professionals brought this history to his attorney's attention. However, McCray offers no evidence to support his allegations. The record of the plea hearing reflects that *1083 McCray answered all the questions posed by the trial judge in an intelligent fashion. In his order denying post-conviction relief, the trial judge carefully analyzed McCray's medical records, and ruled that McCray was competent to enter his guilty plea. Based on all of the evidence before this Court, the trial judge's ruling is correct.

III. DID THE TRIAL COURT ERR WHEN IT FAILED TO MEET THE CRITERIA AS SET FORTH IN UCCCR 11.02 REGARDING THE PRE SENTENCE INVESTIGATION REPORT?
¶ 11. McCray's claim that the trial court committed error concerning the pre-sentence investigation report is without merit both substantively and procedurally. McCray raises this claim for the first time on appeal, hence the claim is procedurally barred. Evans v. State, 441 So.2d 520, 522 (Miss.1983). Furthermore, a defendant does not have an absolute right to a pre-sentence investigation. It is within the trial court's discretion to determine whether a pre-sentence investigation is needed. Edwards v. State, 615 So.2d 590, 598 (Miss.1993). Here, the court did order a pre-sentence investigation report and all parties received copies of that report.

IV. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING AN EVIDENTIARY HEARING.
¶ 12. McCray contends that he should have been granted an evidentiary hearing based on his petition for postconviction collateral relief, but cites no law in support of his contention. According to Miss.Code Ann. § 99-39-11 (Rev.2000), "if it plainly appears from the face of the motion, any annexed exhibits and prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal." A defendant's allegations of ineffective assistance of counsel must "raise sufficient questions of fact" to merit an evidentiary hearing. Walker v. State, 703 So.2d 266, 268 (Miss. 1997). The trial court denied McCray's petition based on the record of the plea hearing and all attached documents and was well within its discretion in denying McCray an evidentiary hearing.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING and MYERS, JJ., concur.