800 So.2d 1202 (2001)
Donnie HALL a/k/a Donnie Gwen Hall, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01339-COA.
Court of Appeals of Mississippi.
September 11, 2001.
Rehearing Denied November 27, 2001.
*1204 Donnie Hall, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, Jackson, Attorney for Appellee.
EN BANC.
McMILLIN, C.J., for the Court:
¶ 1. Donnie Hall, after pleading guilty to two felony counts of sex-related crimes, was sentenced to a term of fifteen years on each count with the sentences to run concurrently. The trial court suspended eight of the years, leaving Hall with seven to serve. The court ordered that Hall's obligation to serve the remaining eight years be suspended for five years, two of which would be on supervised probation.
¶ 2. Hall subsequently sought to have his plea set aside in a post-conviction relief proceeding on several grounds. The trial court denied Hall any relief without an evidentiary hearing and Hall has appealed that decision to this Court. In his appeal to this Court, Hall raises two issues. First, he contends that his plea was not knowingly and voluntarily entered because he was misinformed by the trial court as to his eligibility to earn an early release from imprisonment under the State's legislatively-mandated earned time allowance program, the essential terms of which appear in Section 47-5-138 of the Mississippi Code. Secondly, Hall contends that his sentence was improper in that the trial court imposed a probationary period that exceeded the maximum of five years allowed by law. We find Hall's second issue to be without merit since it is apparently based upon Hall's misunderstanding of the nature of his sentence. However, we conclude that Hall's first issue raises sufficient questions regarding the voluntary nature of his plea that an evidentiary hearing is required. We, therefore, reverse the judgment denying all post-conviction relief and remand for further proceedings consistent with this opinion.
¶ 3. For purposes of clarity, we will deal with Hall's second issue before moving to the more troubling aspect of the circuit court's decision.

I.

Excessive Term of Probation
¶ 4. Hall contends that the trial court's judgment suspending the imposition of eight years of his sentence for a period of five years after his release along with the added provision of two years' supervised probation has the effect of leaving Hall in the status of a probationer subject to having his probation revoked for the impermissible period of seven years.
¶ 5. Hall is correct on the law. Any attempt to maintain an offender in a probationary status for longer than five years cannot be enforced. Miss.Code Ann. § 47-7-37 (Rev.2000); see Ellis v. State, 748 So.2d 130 (Miss.1999). However, there is no factual support for Hall's proposition that the terms of his sentence leave him exposed to the possibility of serving the remainder of his sentence for a total period of seven years after his release from his initial confinement. Rather, we are satisfied that the clear provisions of the judgment of sentence provide that Hall would maintain his status as a probationer for a total of five years after his release the maximum permitted by Section 47-7-37 but that he will be subjected to supervised probation, with its requirements of periodic reporting and other more restrictive provisions, for only the first two years of this five year probationary period. This issue is without merit.

II.

The Informed Nature of Hall's Plea
¶ 6. Hall claims that his decision to plead guilty was not made after being *1205 fully informed of the consequences of such a plea, and therefore, was not voluntary. The law is clear that, before accepting a plea of guilty, the trial court must undertake to assure itself that the defendant understands the relevant consequences of pleading rather than submitting to trial. King v. State, 788 So.2d 868, 870 (Miss.Ct. App.2001). One of those critical factors is that the defendant must be aware of the potential sentence he faces if his plea of guilty is acceptedboth the minimum and maximum sentence. United States v. Brewster, 137 F.3d 853, 858 (5th Cir.1998); McCray v. State, 785 So.2d 1079, 1081 (Miss.Ct.App.2001). The Mississippi Supreme Court has held that, as a part of understanding the possible sentence faced by the defendant, he must be informed as to what portion of any anticipated sentence is mandatory, such that the prisoner would be ineligible for parole or other potential early release during the period. Washington v. State, 620 So.2d 966, 970 (Miss. 1993).
¶ 7. It is undisputed that Hall was misinformed during his plea acceptance hearing as to the possibility that he might be able to end his confinement after serving only eighty-five percent of the mandated sentence. In its order denying Hall's motion for post-conviction relief the trial court acknowledged its error. The trial court based that determination on the provisions of Section 47-7-3(1)(b) of the Mississippi Code, which denies certain sex offenders the right to pursue parole.
¶ 8. While the trial court was correct in concluding that it had erred by telling Hall that he might be eligible for release after serving something less than all of the mandated sentence, that error did not arise by virtue of Section 47-7-3(1)(b). That section deals with eligibility for parole in the traditional sense of being a determination of the Mississippi Parole Board under the provisions of Mississippi's Probation and Parole Law codified in Chapter 7 of Title 47 of the Mississippi Code. Miss.Code Ann. §§ 47-7-1 to-55 (Rev.2000). Hall was certainly not eligible for parole in this sense, but not because he was a sex offender. Rather, his ineligibility for release by an action of the State Parole Board arises out of the fact that his offenses were alleged to have been committed on dates falling after this State's parole laws were amended to deny parole to any person, no matter the nature of his offense, "who is convicted or whose suspended sentence is revoked after June 30, 1995...." Miss. Code Ann. § 47-7-3(g) (Rev.2000) (effective June 30, 1995). (The applicability of the literal wording of this amendment to certain prisoners was denied as being an ex post facto law in Puckett v. Abels, 684 So.2d 671, 678 (Miss.1996); however, that case has no application to Hall's situation since the dates of his offenses fell after the effective date of the amendment.).
¶ 9. In actuality, the trial court misinformed Hall as to his right to pursue early release under a program different from the Probation and Parole Law. Under Section 47-5-138 of the Mississippi Code, the Mississippi Department of Corrections is authorized to establish a program by which an inmate may, by his good conduct in confinement, build up credit known as "earned time allowance" at the rate of four and one-half days for each thirty days of confinement. Miss.Code Ann. § 47-5-138 (Rev.2000). At such time as the earned time allowance equals the unexpired portion of the inmate's sentence, the inmate is entitled to release "under earned-release supervision until the expiration of the term of sentence." Miss.Code Ann. § 47-5-138(6) (Rev.2000).
¶ 10. This earned release program, however, is subject to a provision that an inmate may not accrue earned-time allowance *1206 in excess of fifteen percent of his sentence. Miss.Code Ann. § 47-5-138(5) (Rev.2000). It is this restriction on earning "good time" that results in all prisoners being required to serve, at a minimum, eighty-five percent of their term of confinement a provision that has commonly come to be known in this State as the Eighty-five Percent Rule. This is clearly the provision that the trial court had in mind when it discussed with Hall the fact that he would necessarily have to serve eighty-five percent of the mandated sentence before he could expect any kind of release.
¶ 11. The error in this representation by the trial court arises by virtue of the fact that Section 47-5-139(1)(d) of the Mississippi Code specifically provides that "[a]n inmate shall not be eligible for the earned time allowance if ... [t]he inmate was convicted of a sex crime...." Miss. Code Ann. § 47-5-139(1)(d) (Rev.2000).
¶ 12. The trial court, in denying Hall's claim for relief, pointed to other portions of the record of the plea hearing where Hall acknowledged his understanding that it was possible that he would have to serve the entire sentence, day for day. We do not conclude that this cures the error. Certainly, any provision by which a prisoner may gain early release through his good conduct necessarily includes the possibility that the failure to meet the requisite standard of behavior will jeopardize the possibility of such early release. Merely having the defendant acknowledge this fact does not lessen the impact of a misunderstanding regarding the fact that, under prevailing law, all of Hall's pronounced sentence was mandatory and not just eighty-five percent of it.
¶ 13. The law in Mississippi seems clear that a prisoner is entitled to know what portion, if any, of a recommended sentence is mandatory in order for him to make an informed decision to plead. Vittitoe v. State, 556 So.2d 1062, 1064 (Miss.1990). Nevertheless, mere proof that a defendant has been misinformed as to some aspect of his prospective sentence does not automatically permit him to have that plea set aside. Rather, the defendant must show that he legitimately relied on the misinformation in the decision process that led to his guilty plea. Banana v. State, 635 So.2d 851, 854 (Miss.1994). That is a question that remains unanswerable at this stage of the proceeding because there has been no evidentiary hearing to explore what is plainly an unresolved critical question of fact.
¶ 14. The State argues that we should affirm the dismissal of Hall's motion on a basis not suggested by the trial court in its ruling, that basis being that the motion did not state a claim eligible for relief on its face. In particular, the State points out that Hall did not specifically allege that he relied on the false hope of release under the Eighty-five Percent Rule in deciding to plead guilty. We decline to decide the case on this basis, noting both the fact that Hall specifically pled that he was misinformed on this point and the fact that we are obligated to construe pro se pleadings with some reasonable degree of liberality. Evans v. State, 725 So.2d 613, 678 (Miss.1997). With those two considerations in mind, we are satisfied that the issue of the effect of this erroneous information regarding the nature of Hall's sentence on his decision to enter a plea was properly before the trial court. We note that this objection was not one timely raised before the trial court and the trial court did not find the motion so deficient on its face that the court deemed it necessary to consider the question on its own motion. Rather, the court proceeded to consider on the merits essentially the same *1207 issues that are now before us. Had such an objection been timely raised, it would seem likely that Hall would have been able to cure the defect in his pleadings by a timely amendment, keeping in mind that a post-conviction relief proceeding is in the nature of a civil, rather than a criminal, proceeding (see Miss.Code Ann. § 99-39-7 (Rev.2000)) and that the rules of civil procedure provide an unqualified right to amend a pleading that is found to have failed to state a claim. M.R.C.P. 15(a). Whether or not the application of Rule 15(a) to this situation would be mandatory, there would at least be a significant issue of whether the refusal to permit such an amendment would have been an abuse of discretion. For all of these reasons, we find it inappropriate to decline to reach the merits of Hall's claim on the basis of some perceived defect in his pleadings.
¶ 15. We conclude that, since a legitimate issue remains unresolved as to whether Hall placed significant reliance on the trial court's comments regarding the Eighty-five Percent Rule in deciding to plead guilty, Hall was entitled to an evidentiary hearing in which that issue could be considered by the trial court. We, therefore, find it appropriate to remand for such a hearing, finding support for such a disposition in the fact the supreme court extended essentially the same relief in Washington v. State, 620 So.2d 966, 968-970 (Miss.1993).
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY DENYING POST-CONVICTION RELIEF IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THE APPEAL ARE ASSESSED TO WINSTON COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, AND IRVING, JJ., CONCUR. CHANDLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MYERS, J. BRANTLEY, J., NOT PARTICIPATING.
CHANDLER, J., DISSENTING:
¶ 17. The majority finds there are insufficient facts in the record to conclude that Hall's plea of guilty was entered knowingly and voluntarily and would remand the case to the circuit court for an evidentiary hearing on this issue. Because I believe the record provides sufficient clarity to find Hall's plea was knowing and voluntary, I respectfully dissent.
¶ 18. Hall's claim that his plea of guilty was not knowing and voluntary is contradicted by the transcript of the sentencing hearing. At sentencing, the trial judge was very thorough. He very closely questioned the defendant and his attorney. He was also very clear about maximum and minimum statutory sentences. After being incarcerated, Hall filed a motion to vacate judgment of sentence. The trial judge denied the motion. He found that Hall had been clearly informed he was not guaranteed probation, parole, or earned time release; therefore, the information he received at sentencing concerning the Eighty-five Percent Rule was harmless error.
¶ 19. The majority finds that the error was not harmless and the case should be remanded to determine if Hall relied upon that information when making his plea. However, the thoroughness of the judge's questioning of the defendant at sentencing cured any possible errors and provided the defendant with all relevant information he needed to make a knowing and voluntary plea.
¶ 20. In order to meet constitutional standards, a guilty plea must be freely and voluntarily entered. It is essential that an *1208 accused have knowledge of the critical elements of the charge against him, that he fully understand the charge, how it involves him, the effects of a guilty plea to the charge, and what might happen to him in the sentencing phase as a result of having entered the plea of guilty. Smith v. State, 636 So.2d 1220, 1225 (Miss.1994); Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); Schmitt v. State, 560 So.2d 148, 153 (Miss.1990) (quoting Gilliard v. State, 462 So.2d 710, 712 (Miss.1985)). The appellant bears the burden of proving that a guilty plea is involuntary, and it must be proven by a preponderance of the evidence. House v. State, 754 So.2d 1147 (¶ 25) (Miss.1999). In this case, Hall has failed to meet that standard.
¶ 21. As stated above, at the sentencing hearing, the trial judge closely interrogated the defendant about the maximum and minimum sentences of the crimes for which he was pleading guilty. The judge informed Hall that he could receive from two to fifteen years for the first count of touching and fondling a child for lustful purposes, and two to twenty years for the second count of the same crime. The judge then proceeded to question the defendant as follows:
By the Court: Now, Mr. Hall, have you... had an opportunity to go over the nature of these charges with your attorney, Mr. Ball?
By the defendant: Yes, sir
By the Court: And Mr. Hall, I need to advise you, as well, that under the laws of the State of Mississippi, whatever jail time this Court imposed upon you to serve, you're not guaranteed any earned time, early release, or anything like that. But you may end up, in fact, serving day for day whatever time this Court imposed upon you to serve. Do you understand that?
By the defendant: Yes, sir.
¶ 22. If a defendant is advised regarding the consequences of his plea and the nature of the charges against him, his plea is considered voluntary and intelligent. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). Moreover, "solemn declarations in open court carry a strong presumption of verity." McCray v. State, 785 So.2d 1079 (¶ 4) (Miss.Ct.App.2001) (quoting Baker v. State, 358 So.2d 401, 403 (Miss.1978)). Where the record reveals that the trial court fully informed the defendant of a mandatory sentence and the defendant acknowledged the sentence, any claimed expectation of a more lenient sentence is rebutted. Houston v. State, 461 So.2d 720, 722 (Miss.1984).
¶ 23. The trial court was justified in relying upon Hall's clear assertions of understanding in open court. There were sufficient facts to indicate that Hall's plea was knowing and voluntary; therefore, I would affirm the judgment of the circuit court.
MYERS, J., JOINS THIS SEPARATE WRITTEN OPINION.