THOMAS, J., for the Court.
¶ 1. Ricky Smith, pro se, appeals an order of the Circuit Court of Lauderdale County, Mississippi denying his petition for post-conviction relief. Aggrieved, Smith perfected this appeal, raising the following issue as error:
I. THE LOWER COURT COMMITTED MANIFEST ERROR IN DISMISSING SMITH’S MOTION FOR POST-CONVICTION RELIEF.
Finding no error, we affirm.
FACTS
¶ 2. On September 6 and 7, 1997, Smith robbed an Amoco store and a Super Stop, both in Meridian, Mississippi. Smith committed the robberies using a knife. One of the robberies was filmed by video camera and a clerk at one of the stores identified Smith as the robber. Meridian Police officers responded to an anonymous phone call regarding Smith’s location which led them to an apartment. The officers knocked on the door and identified themselves as the police. A woman opened the door and told them that no one else was present in the apartment. She consented to a search of the apartment. The officers found Smith hiding under a pile of clothes in a closet. Clothing identified by the clerk and seen on the video were also found in the apartment.
*565 ¶ 3. On April 16, 1998, Smith pled guilty to one count of armed robbery and was sentenced to a term of twenty-five years in the custody of the Mississippi Department of Corrections.
ANALYSIS
I. DID THE LOWER COURT COMMIT MANIFEST ERROR IN DISMISSING SMITH’S MOTION FOR POST-CONVICTION RELIEF?
¶4. Smith first claims that he was denied effective assistance of counsel. However, as the record clearly reflects, Smith agreed that “the Defendant has received effective assistance of counsel” when he agreed to and signed the plea agreement.
¶ 5. Furthermore, this claim is evaluated under a two-part test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and followed by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). A successful completion of this test is paramount to Smith’s argument. He must successfully meet both prongs. Under Strickland and Stringer, Smith must show that the counsel’s performance was so deficient that it constituted prejudice. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. The asserting party must also show that “but for his attorney’s errors, there is a reasonable probability that he would have received a different result in the trial court.” Rankin v. State, 636 So.2d 652, 656 (Miss.1994). The defendant bears the burden of demonstrating that both prongs have been met. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985).
¶ 6. Additionally, there is a strong but rebuttable presumption that an attorney’s performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). Application of the Strickland test is applied with deference to counsel’s performance, considering the totality of the circumstances to determine whether counsel’s actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The test is to be applied to the overall performance of the attorney. Strickland, 466 U.S. at 695, 104 S.Ct. 2052. With respect to the overall performance of the attorney, “counsel’s choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy.” Scott v. State, 742 So.2d 1190 (¶ 14) (Miss.Ct.App.1999); Cole v. State, 666 So.2d 767, 777 (Miss.1995); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984). Smith has not met either of the two prongs of the Strickland test. There is nothing in the record that indicates that the counsel’s performance was in any way deficient; therefore, there is no reasonable probability that Smith would have received a different result in the trial court.
¶ 7. Smith also claims that he did not voluntarily enter his plea of guilty because his counsel gave him inaccurate advice about parole eligibility and the trial court judge was not clear in his explanation of these matters. The record shows quite the contrary. The trial court judge went to great lengths to explain the proceedings to Smith, and Smith stated that he understood the sentence as well as the possibility of parole. “The burden of proving that a guilty plea is involuntary is on the defendant and must be proven by a preponderance of the evidence.” House v. State, 754 So.2d 1147, 1152 (Miss.1999) (citing Schmitt v. State, 560 So.2d 148, 151 (Miss.1990)). Smith has not met this burden.
*566 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.