952 So.2d 259 (2006)
Larry DOZIER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01209-COA.
Court of Appeals of Mississippi.
August 8, 2006.
Rehearing Denied November 28, 2006.
Larry Dozier, appellant, Pro Se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before LEE, P.J., SOUTHWICK and ISHEE, JJ.
SOUTHWICK, J., for the Court.
¶ 1. Larry Dozier filed for post-conviction relief from a 1984 sentence received from the Sunflower County Circuit Court for possession of marihuana with intent to sell. We affirm the trial court's finding that the arguments he now raises are time-barred.

FACTS
¶ 2. Dozier's involvement with illegal drugs has led him into several encounters with the Mississippi court system. In June 1983, he was convicted in Bolivar County for felony possession of marihuana. *260 He received a suspended three-year sentence and was placed on probation. During that probation, Dozier was indicted in Sunflower County for possession of more than one ounce of marihuana with intent to sell. In June 1984, he entered a guilty plea. His sentence was five years' imprisonment with the last two suspended. It is that conviction which he challenges today. In 1989, Dozier was indicted for the charge of possession of marihuana with intent to sell as a habitual offender. His plea bargain reduced the charge. A guilty plea led to a $100 fine.
¶ 3. These initial convictions, serious as they were, were only prologue for what occurred in 1990. At that time, Dozier was convicted in Sunflower County Circuit Court as a habitual offender for two counts of the sale of cocaine. He received a sentence of forty years without possibility of parole as a habitual offender. The Supreme Court affirmed his conviction on appeal. Dozier v. State, 583 So.2d 208 (Miss.1991) (table, no published opinion). In 1995, Dozier was denied post-conviction relief on that conviction. The record does not contain the proceedings on the motion, but the Supreme Court's affirming of the denial of relief relies on the motion's being procedurally barred. Dozier v. State, No. 90-KA-0296-SCT (Miss. Dec. 12, 1995) (one page order, stating that the successive writ and statute of limitations requirements barred relief). Dozier now challenges the 1984 sentencing with the goal of undermining his 1990 sentence as a habitual offender.

DISCUSSION
¶ 4. While now serving his sentence on the 1990 conviction, Dozier challenges the legality of his 1984 sentence. His arguments include that he was innocent, that his counsel was ineffective, that his plea was coerced, and that he was never told of his constitutional right to a speedy trial. By having the 1984 conviction set aside, Dozier seeks to have his habitual criminal status voided.
¶ 5. We start our review of this issue by summarizing the events of his 1984 conviction. Dozier pled not guilty to the charges in 1983. Almost a year later, he appeared before a Sunflower County Circuit Court judge to change his plea to guilty. Dozier was extensively questioned about his understanding of his constitutional rights. Dozier acknowledged that he understood these rights and that this plea was voluntary. The court specifically asked Dozier if there had been any other promises made beside the sentencing recommendation, and whether his plea was coerced in any way. Dozier also certified in writing that he understood the charge, his rights, and the voluntariness of his plea. The plea was accepted, a judgment of conviction was entered, and the sentence was served.
¶ 6. A motion for post-conviction relief must be made within three years of a guilty plea with a few statutorily defined exceptions, none of which are applicable here. Miss.Code Ann. § 99-39-5 (Supp. 2005). However, errors affecting a fundamental constitutional right may survive a time bar. Ivy v. State, 731 So.2d 601, 603 (Miss.1999). Dozier cites precedents in support of his argument for escaping the bar but these are inapplicable to his situation. See Luckett v. State, 582 So.2d 428, 429-30 (Miss.1991) (where a judge committed plain error and denied a defendant due process by issuing a sentence in violation of statute); Smith v. State, 477 So.2d 191 (Miss.1985) (where a defendant was sentenced under a harsher statute that was not the subject of the indictment).
¶ 7. A procedural bar will not be enforced against a claim seeking relief from an illegally harsh sentence. House v. State, 754 So.2d 1147, 1150 (Miss.1999). *261 Dozier argues that his sentence in 1984 was illegally lenient in that as a prior felon he should not have had any part of the sentence suspended. We will not review the state of the law in 1984 on sentencing as we find it sufficient to note that an improperly lenient sentence does not qualify as one that leads to post-conviction relief and resentencing. Graves v. State, 822 So.2d 1089, 1092 (Miss.Ct.App.2002).
¶ 8. We find no basis on which Dozier should be granted relief and affirm.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.