KING, C.J., for the Court.
 

 ¶ 1. On December 7, 2000, Mark Steven Allen pled guilty to manslaughter. The Circuit Court of Adams County sentenced Allen to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC) and- ordered Allen to pay a fine of $10,000. Allen filed a motion for post-conviction relief on January 9, 2007. The circuit court dismissed Allen’s motion, finding that it was time-barred. Aggrieved, Allen appeals, raising the following three issues:
 

 I. Whether Allen’s lack of mental competence tolled the statute of limitations for filing a motion for post-conviction relief.
 

 II. Whether the circuit court erred by finding that Allen was competent to stand trial and competent to enter a guilty plea.
 

 III. Whether Allen received ineffective assistance of counsel.
 

 Finding no error, we affirm the circuit court’s dismissal of Allen’s motion for post-conviction relief because it is time-barred.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On November 23, 1999, an Adams County grand jury indicted Allen for the murder of his father, James Allen. Defense counsel notified the circuit court and the district attorney that Allen planned to offer insanity as a defense to the crime. Defense counsel also filed a motion requesting a psychiatric evaluation of Allen, and the circuit court granted the motion. Allen was evaluated at the Mississippi State Hospital at Whitfield (Whitfield).
 

 ¶ 3. In its diagnostic summary, Whitfield noted Allen’s history of mental illness: Allen had been treated for mental illness at least five times from 1981 to 1999; he was diagnosed with schizophrenia and bipolar disorder; and Allen consistently failed to take his medication as prescribed, resulting in several “psychotic outbreaks.” Whitfield determined that Allen “was both competent to proceed legally, and that he would have known right from wrong at the time of the alleged offense.”
 

 ¶ 4. Defense counsel filed a motion for additional funds for a second independent psychiatric evaluation. On December 6, 2000, the circuit court denied the motion, stating that Allen’s competency hearing was held on November 20, 2000; neither the State nor the defendant presented additional evidence of Allen’s competency, and Whitfield found that Allen was competent to stand trial. Therefore, based upon the report from Whitfield, the circuit court found that Allen was competent to stand trial.
 

 ¶ 5. On December 7, 2000, Allen pled guilty to manslaughter. Based upon the report from Whitfield, the circuit court found that Allen was competent to enter a guilty plea. Allen was sentenced to serve twenty years in the custody of the’MDOC and ordered to pay a fine of $10,000. Further, the circuit court ordered Allen to receive psychological counseling and treatment while in the custody of the MDOC.
 

 ¶ 6. Allen filed a motion for post-conviction relief on January 9, 2007, seven years after entering his guilty plea. In his motion for post-conviction relief, Allen argued that: (1) his motion was not time-barred because his mental incompetence tolled the statute of limitations; (2) the circuit court
 
 *299
 
 erred by finding that Allen was competent to enter a guilty plea; and (3) Allen received ineffective assistance of counsel. The circuit court dismissed Allen’s motion, finding that it was time-barred and did not fall within any of the statutory exceptions to the three-year statute of limitations. Aggrieved, Allen filed this appeal.
 

 ANALYSIS
 

 ¶ 7. This Court will not disturb a lower court’s dismissal of a motion for post-conviction relief unless it is clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, when questions of law are raised the standard of review is de novo.
 
 Id.
 

 Whether Allen’s lack of mental competence tolled the statute of limitations for filing a motion for post-conviction relief.
 

 ¶ 8. The threshold issue in this case is whether Allen’s motion for post-conviction relief is time-barred. In regard to a guilty plea, Mississippi Code Annotated section 99-39-5(2) (Rev.2007) provides that a motion for post-conviction relief shall be made within three years from the entry of the judgment of conviction. There are three exceptions to the three-year statute of limitations:
 

 [1.] [Tjhere has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence^]
 

 [2.] [The inmate] has evidence, not reasonably discoverable at the time of trial, which ... would have caused a different result in the conviction or sentence[; or]
 

 [3.] [The inmate’s] sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
 

 Id.
 

 ¶ 9. The circuit court entered Allen’s judgment of conviction on December 7, 2000. Allen filed his motion for post-conviction relief on January 9, 2007, well in excess of three years after his conviction was entered. Since Allen filed his motion for post-conviction relief after the expiration of the three-year statute of limitations, Allen’s motion is time-barred unless he can prove that his motion falls within a statutory exception. We find that Allen fails to come within one of the statutory exceptions. Thus, the circuit court properly dismissed Allen’s claim as time-barred.
 

 ¶ 10. In an effort to come within a statutory exception, Allen argues that his motion for post-conviction relief was not time-barred because his mental incompetence tolled the statute of limitations. Allen also argues that a strict application of the three-year statute of limitations implicates fundamental constitutional rights. Thus, his claim should survive the time bar. The supreme court addressed this precise issue in
 
 House v. State,
 
 754 So.2d 1147, 1150 (Miss.1999).
 

 ¶ 11. In
 
 House,
 
 the defendant pled guilty to the murders of his wife and her lover.
 
 Id.
 
 at 1149. The circuit court deferred sentencing and ordered House to undergo psychiatric treatment at a convalescence facility.
 
 Id.
 
 House violated the conditions placed upon the deferred sentencing order, and on June 1, 1994, the circuit court sentenced House to serve two consecutive life sentences.
 
 Id.
 
 House filed a motion for post-conviction relief on December 29, 1997, and the circuit court dismissed the motion as time-barred.
 
 Id.
 
 at 1150. House appealed the dismissal and argued that his motion was not time-barred due to his mental incompetence.
 
 Id.
 

 
 *300
 
 ¶ 12. The supreme court noted that there was no authority that tolled the statute of limitations for the Uniform Post-Conviction Collateral Relief Act based on mental incompetence.
 
 Id.
 
 Conversely, the supreme court found that there was authority opposing House’s claim, stating:
 

 The fact that a barred claim is a just one or has the sanction of a moral obligation does not exempt it from the limitation period. These statutes of repose apply with full
 
 force
 
 to all claims and courts cannot refuse to give the statute effect merely because it seems to operate harshly in a given case. The establishment of these time boundaries is a legislative prerogative. That body has the right to fix reasonable periods within which an action shall be brought and, within its sound discretion, determine the limitation period. The [Legislature likewise has the right and power to exclude exceptions in the case of persons non compos mentis. We are not aware of any authority which holds that a post-conviction claim of incompetency not be subject to reasonable time constraints.
 

 Id.
 
 at 1150-51 (citing
 
 Cole v. State,
 
 608 So.2d 1313, 1317-18 (Miss.1992)). Thus, the supreme court held that House’s motion for post-conviction relief was time-barred because his alleged mental incompetence did not fall within the enumerated statutory exceptions to toll the statute of limitations.
 
 Id.
 
 at 1151.
 

 ¶ 13. We find that the circuit court did not err in dismissing Allen’s motion for post-conviction relief as time-barred. There are only three enumerated exceptions to the time bar. Allen did not present evidence of any of the exceptions, and his claim of mental incompetence does not fall within any of the enumerated exceptions. As the supreme court held in
 
 House,
 
 there is no authority tolling the statute of limitations of the Uniform Post-Conviction Collateral Relief Act based on mental incompetence. Allen’s history of suffering from mental illness is unfortunate. However, the fact remains that there is no exception to the statute of limitations for persons lacking mental competence. Thus, Allen’s claim lacks merit. Since this issue is dispositive, we do not address Allen’s remaining assignments of error.
 

 CONCLUSION
 

 ¶ 14. We find that Allen filed his motion for post-conviction relief more than six years after his conviction, clearly outside the three-year statute of limitations. We also find that Allen’s alleged mental incompetence does not toll the statute of limitations. Thus, Allen’s motion for post-conviction relief is time-barred. Therefore, we affirm the circuit court’s dismissal of Allen’s motion for post-conviction relief.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.