WALLER, Chief Justice,
Dissenting.
¶ 38. Because I find the assignment of error was not properly preserved for appeal and that Sanders has advanced nothing to support an inference of incompetence, I respectfully dissent.
*1142 ¶ 39. The trial court granted a psychiatric evaluation on motion of Sanders’s counsel pursuant to Rule 9.06 of the Uniform Rules of Circuit and County Court Practice. The exam was performed and a report was filed with the clerk’s office. According to the docket, copies were provided to the trial court and counsel for Sanders and the District attorney. The report was never offered into evidence or even marked for identification and its contents are unknown to this Court. The case proceeded to trial with no one requesting the required hearing. Sanders himself took the stand and was subject to cross-examination on his insanity defense. Still, no motion or request to set a hearing date for a competency hearing.
¶ 40. The affirmative duty is upon the party seeking action by the court upon any motion or pleading to pursue that relief to a hearing and decision:
Rule 2.04. Duties of Movant It is the duty of the movant, when a motion or other pleading is filed, including motions for a new trial, to pursue said motion to hearing and decision by the court. Failure to pursue a pretrial motion to hearing and decision before trial is deemed an abandonment of that motion; however, said motion may be heard after the commencement of trial in the discretion of the court.
See, e.g., for non-binding persuasive discussion of movant’s obligation to pursue relief, Potts v. State, 755 So.2d 521, 524 (Miss.Ct.App.1999).
¶41. Sanders initiated matters by requesting a psychiatric examination but did not fulfill the remaining affirmative obligations by pursuing the matter through hearing and conclusion. Rather, he raises the issue of a competency hearing for the first time on appeal. We have consistently held that issues raised for the first time on appeal will not be addressed:
Under Mississippi law, if an appellant raises for review an issue not raised in the pleadings, transcript, or rulings, the appellant must have preserved the issue by raising it in a motion for new trial. Miss.Code Ann. § 9-13-31; Jackson v. State, 423 So.2d 129, 131-32 (Miss.1982) citing Colson v. Sims, 220 So.2d 345, 346 n. 1 (Miss.1969) ... The rationale for this rule is based on the policy of giving the trial judge, prior to appellate review, the opportunity to consider the alleged error.
Ross v. State, 603 So.2d 857, 860-61 (Miss.1992). The issue of whether an error occurred in the trial court in failing to hold a competency hearing has not been preserved for appellate review.
¶ 42. Additionally, I respectfully submit the majority’s reliance upon Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) is not apropos of the case at bar. In Pate, the defendant, Robinson, was denied any psychiatric examination to determine either his competency to stand trial or his sanity at the time he committed murder. At the time of his trial and conviction, Illinois had a statute which required the State to conduct a sanity hearing if there existed a “bona fide doubt” as to the defendant’s mental status. Id. at 385, 86 S.Ct. 836. Here, Sanders was not denied access to professional evaluation. Sanders got his requested evaluation and left the matter there. Under these facts, Pate does not apply.
¶ 43. Similarly, I do not find House v. State, 754 So.2d 1147 (Miss.1999), to be on point. The decision in House occurred before the current amendment to Rule 9.06. In the wake of Pate and Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), this Court recognized the necessity to impose an obligation upon trial courts to hold such hearings “where there is sufficient doubt about a defen- *1143 daut’s competence.” House, 754 So.2d at 1151. Sufficient doubt in the court’s mind was the cornerstone of the rule we then created. In the absence of such doubt, the obligation to sua sponte order a competency hearing simply does not arise. There is nothing in the record to support a finding that Sanders was incompetent, not even his own assertion. On these facts, I find no obligation for the trial court to have ordered a competency hearing.
¶ 44. For these reasons, I respectfully dissent.
RANDOLPH AND CHANDLER, JJ., JOIN THIS OPINION.