# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60594
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 20, 2016

Lyle W. Cayce
Clerk

TIMOTHY W. JORDAN,

Petitioner-Appellant

v.

STATE OF MISSISSIPPI,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:12-CV-105

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Timothy W. Jordan, Mississippi state prisoner # 143269, appeals from the district court's dismissal of a claim raised in his 28 U.S.C. § 2254 petition. Specifically, Jordan argued in the petition that the state trial court erred in permitting the prosecution to repeatedly rehabilitate and alter the testimony of Krystal Jordan through the testimony of her lawyer, Carnelia Fondren.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60594

The district court rejected this claim as procedurally barred, finding that the last state court to consider the claim had rejected it pursuant to an independent state procedural rule, namely Mississippi Code Annotated § 99-39-21(1), because the claim could have been but was not raised on direct appeal. We granted a certificate of appealability to consider on appeal whether the district court erred in dismissing the claim as procedurally barred. In considering this issue, our review is de novo. *See Stokes v. Anderson*, 123 F.3d 858, 859 (5th Cir. 1997).

Jordan first raised his claim concerning Fondren's testimony during his direct criminal appeal. Specifically, on direct appeal, the state appellate court observed that "Tim," the petitioner herein, as well as two of his co-defendants had argued, inter alia, that "Fondren improperly bolstered Krystal's credibility and gave improper opinion testimony." *Jordan v. State*, 80 So. 3d 817, 829 (Miss. Ct. App. 2010). Jordan's appellate brief on direct appeal supports the state court's statement. In a section titled "Whether the trial court allowed improper legal opinions which were comments on evidence and witness veracity," Jordan argued that the state court erred in permitting Fondren to comment and give opinion testimony regarding the evidence against all of the defendants and the veracity of the witnesses and to basically tell the jury that Krystal was telling the truth.

In this court, the State fails to explain how this claim is different from the claim that Jordan raised in Issue Four of his pro se state habeas application, wherein Jordan argued that the state trial court erred by permitting the State to repeatedly rehabilitate Krystal's testimony through the testimony of her lawyer, Fondren. Rather, the State simply asserts in a conclusory fashion that the issue Jordan raised in his state habeas application was not raised on direct appeal. The State's argument is unavailing in light of

2

No. 14-60594

the appellate court's opinion on direct appeal, Jordan's counseled appellate brief on direct appeal, and the liberal construction afforded to Jordan's pro se habeas filings. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Hall v. State*, 800 So. 2d 1202, 1206 (Miss. Ct. App. 2001).

Because the Fondren claim was one of the claims that Jordan raised on direct appeal, the Mississippi Supreme Court dismissed it during the state habeas proceeding as barred by the doctrine of res judicata under § 99-39-21(3). Res judicata does not prevent federal review of a habeas claim. *Cone v. Bell*, 556 U.S. 449, 466 (2009). Accordingly, the district court erred in concluding that this claim was procedurally barred from federal habeas review.

For the foregoing reasons, we VACATE the district court's judgment as to this claim, and we REMAND for further proceedings consistent with this opinion.