KING, C.J.,
for the Court.
¶ 1. On December 9, 1997, Kecia Brown was indicted for the murder of Ronnie Gaylor. On December 7,1998, Brown pled guilty to the charge of manslaughter in the Hinds County Circuit Court. Brown was sentenced to a term of twenty years with four suspended and sixteen to serve in the custody of the Mississippi Department of Corrections, followed by four years of post-release supervision. On December 9, 2002, Brown filed a motion for post-conviction relief, which was dismissed by the circuit court as time-barred. Brown now appeals the circuit court’s denial of post-conviction relief, raising the following issues:
1. Whether the trial court erred in finding that Appellant’s motion for post-conviction relief was time-barred since her sentence is the result of an involuntary guilty plea.
2. Whether the trial court erred in advising Appellant that by entering a guilty plea she waived her right to a direct appeal.
3. Whether the trial court erred in ordering Appellant to serve the maximum sentence without an on the record explanation.
4. Whether Appellant received an excessive sentence.
5. Whether the trial court erred in dismissing Appellant’s petition as time-barred since counsel was responsible for the lapse of time.
6. Whether an accumulation of errors resulted in denial of a fair trial.
Finding no error, we affirm.
ISSUES AND ANALYSIS
¶ 2. In reviewing a denial of post-conviction relief, this Court will not disturb the trial court’s factual findings unless clearly erroneous. Sanders v. Miss. Dept. of Corrections, 912 So.2d 189, 190 (¶ 5) (Miss.Ct.App.2005). Questions of law, however, are reviewed de novo. Id.
¶ 3. Mississippi Code Annotated § 99-39-5(2) (Supp.2005) provides in part that motions for post-conviction relief must be made within three years after the entry of the judgment of conviction. Mississippi Code Annotated § 99-39-5(2) also lists three exceptions to the time bar, none of which apply to the case sub judice. The Mississippi Supreme Court has also held that errors affecting fundamental constitutional rights may be excepted from the time bar. Ivy v. State, 731 So.2d 601, 603 (¶ 13) (Miss.1999) (citing Luckett v. State, 582 So.2d 428, 430 (Miss.1991)).
¶ 4. Brown argues that her motion for post-conviction relief should have survived the three-year time bar because she is serving an illegal sentence. “The right to be free from an illegal sentence is a fundamental right....” Alexander v. *260 State, 879 So.2d 512, 514 (¶9) (Miss.Ct.App.2004). The first basis for Brown’s illegal sentence claim is an assertion that her plea was involuntary. However, past precedent regarding the fundamental right to be free from an illegal sentence does not provide a “back door” method for raising an untimely post-conviction relief claim based on a claim of involuntariness of a guilty plea. An illegal sentence in this context is one which exceeds the statutory maximum. House v. State, 754 So.2d 1147, 1150 (Miss.1999).
¶ 5. Brown’s second basis for claiming that she is serving an illegal sentence is her contention that her sentence, combined with the term of post-release supervision, exceeds the statutory maximum. “[T]he total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed.” Miss.Code Ann. § 47-7-34 (Rev.2004). Although Brown was sentenced to a term of twenty years, four years were suspended. When the four years of post-release supervision are added to the sixteen years in which Brown will be incarcerated, the resulting twenty years is the permissible statutory maximum sentence for manslaughter. Therefore, this issue is without merit.
¶ 6. Brown also argues that her post-conviction relief motion should survive the time-bar due to her attorney’s deficient performance. Brown contends that the attorney hired to represent her on her motion for post-conviction relief caused the untimely filing. Our supreme court has stated, “It is conceivable that under the facts of a particular case, this Court might find that a lawyer’s performance was so deficient, and so prejudicial to the defendant, that the defendant’s fundamental constitutional rights were violated.” Bevill v. State, 669 So.2d 14, 17 (Miss.1996). However, the court in Bevill was referring to ineffective assistance of trial counsel. Brown’s complaint involves an attorney retained only to assist Brown in her post-conviction relief request. Therefore, this issue is also without merit.
¶ 7. The remainder of Brown’s claims fail to meet any procedural bar exception. Accordingly, we find that the trial court was correct in dismissing Brown’s motion for post-conviction relief.
¶ 8. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.