MAXWELL, J.,
for the Court:
¶ 1. Joseph R. Triste appeals the Ita-wamba County Circuit Court’s denial of his motion for post-conviction relief (PCR) arguing his sentence was illegal. Finding his sentence was within the statutory maximum and the fine imposed authorized by statute, we affirm.
FACTS
¶ 2. An Itawamba County grand jury returned a four-count indictment against Triste. The indictment set forth one count each of burglary, kidnapping, armed robbery, and conspiracy to commit burglary.[1] On February 13, 2009, Triste pled guilty to burglary (Count I) and kidnapping (Count II). The remaining counts were dismissed. On Count I, the circuit court sentenced Triste to twenty-five years in the custody of the Mississippi Department of Corrections, with seventeen years suspended, followed by five years of post-release supervision. As a condition of the suspended sentence, Triste was ordered to pay a $1,000 fine. On Count II, the circuit *811 court sentenced Triste to thirty years, all suspended.
STANDARD OF REVIEW
¶ 3. In considering the denial of a PCR motion, we review the trial court’s findings of fact for clear error. Rowland v. State, 42 So.3d 503, 506 (¶ 8) (Miss.2010). When reviewing questions of law, our standard is de novo. Id.
DISCUSSION
¶ 4. Triste challenges only his sentence for burglary. He claims the sentence is illegal because it exceeded the twenty-five-year maximum sentence for burglary,[2] given his five years of post-release supervision. Mississippi Code Annotated section 47-7-34 (Rev.2004) provides that “the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed.”
¶ 5. In Brown v. State, 923 So.2d 258 (Miss.Ct.App.2006), we addressed Triste’s exact argument. There, the petitioner, Brown, claimed her sentence, when combined with the term of post-release supervision, exceeded the statutory maximum. Id. at 260 (¶ 5). Brown had pled guilty to manslaughter and was sentenced to twenty years (the statutory maximum) with four years suspended. The court also ordered four years of post-release supervision. We held that the sentence was lawful because the four years of post-release supervision, when added to the sixteen years Brown would be incarcerated, resulted in a twenty-year sentence. Id. This sentence did not exceed the statutory maximum of twenty years.
¶ 6. Triste was sentenced to twenty-five years’ imprisonment. He was ordered to serve eight years, and the circuit judge suspended seventeen years. We note Triste’s five-year period of post-release supervision, when added to the eight-year period of incarceration, is thirteen years. This is well within the twenty-five-year maximum sentence authorized by section 97-17-23(1). We therefore find Triste’s sentence is lawful.
¶ 7. Triste finally contends the circuit court lacked authority to order that he pay a $1,000 fine because the burglary statute does not provide for fines. But he disregards that the circuit court had authority to order the $1,000 fine under Mississippi Code Annotated section 99-19-32(1) (Rev.2007), which provides:
Offenses punishable by imprisonment in the State Penitentiary for more than one (1) year and for which no fine is provided elsewhere by statute may be punishable by a fine not in excess of Ten Thousand Dollars ($10,000.00). Such fine, if imposed, may be in addition to imprisonment or any other punishment or penalty authorized by law.
(Emphasis added). Because Triste’s burglary conviction was punishable by more than one year of imprisonment and was not otherwise subject to a fine, the circuit judge had authority to fine him up to $10,000. Cochran v. State, 969 So.2d 119, 122 (¶ 11) (Miss.Ct.App.2007). The statute also specifically authorizes the fine to be imposed in addition to Triste’s imprisonment.
¶ 8. We find no error in the circuit court’s denial of Triste’s PCR motion and affirm.
¶ 9. THE JUDGMENT OF THE ITA-WAMBA COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST- *812 CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITAWAMBA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ., CONCUR.

. Other co-defendants were charged in the same indictment.

. See Miss.Code Ann. § 97-17-23(1) (Supp. 2010).