FAIR, J.,
for the Court:
¶ 1. In 1988, Billy Ard plead guilty to armed robbery and was sentenced to serve thirty years in the custody Mississippi Department of Corrections. The Madison County Circuit Court dismissed his 2011 motion for post-conviction relief (PCR) as time-barred. Ard now appeals claiming that his guilty plea was involuntary and that he received ineffective assistance of counsel. On appeal, Ard argues that he was illegally sentenced as a habitual offender. He claims that he only signed the plea petition because the State agreed not to pursue habitual-offender status.
STANDARD OF REVIEW
¶ 2. The trial court may summarily dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief....” Miss.Code Ann. § 99-39-11(2) (Supp.2012). This Court will affirm the summary dismissal of a PCR motion if the movant has failed to “demonstrate a claim procedurally alive substantially showing the denial of a state or federal right.... ” Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999) (quotation marks omitted).
*429 DISCUSSION
¶ 3. Mississippi Code Annotated section 99-39-5(2) (Supp.2012) states that when no appeal is taken, a motion for post-conviction relief must be made within three years after the time for taking an appeal from the judgment of conviction or sentence has expired. Ard’s 2011 PCR motion was filed over twenty years after his 1988 conviction. It is time-barred. However, “errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act].” Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010). “[The] right to be free from an illegal sentence is fundamental.” Kennedy v. State, 732 So.2d 184, 186 (¶ 8) (Miss.1999) (citing Sneed v. State, 722 So.2d 1255, 1257 (¶ 11) (Miss.1998)).
¶ 4. Ard contends that his guilty plea was not voluntarily entered because he was sentenced as a habitual offender after the State promised not to pursue habitual-offender status. He also asserts that this mistake evidences ineffective assistance of counsel.
¶ 5. In Brown v. State, 923 So.2d 258, 259 (¶ 4) (Miss.Ct.App.2006) (citing House v. State, 754 So.2d 1147, 1150 (¶ 4) (Miss.1999)), the defendant argued that her motion for post-conviction relief should be excepted from the three-year time-bar because she was serving an illegal sentence. She based this argument on an assertion that her guilty plea was involuntary. Id. at 260 (¶ 4). In denying Brown’s argument, we held:
[ P]ast precedent regarding the fundamental right to be free from an illegal sentence does not provide a “back door” method for raising an untimely post-conviction relief claim based on a claim of involuntariness of a guilty plea. An illegal sentence in this context is one which exceeds the statutory maximum.
Id. Ard cannot overcome the time-bar by asserting that his sentence is illegal because of an involuntary guilty plea. He plead guilty to being a habitual offender; therefore, his sentence as a habitual offender is not illegal. Ard has failed to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right. We affirm the circuit court’s dismissal of Ard’s motion for post-conviction relief as time-barred.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT. JAMES, J., NOT PARTICIPATING.