ROBERTS, J.,
for the Court:
¶ 1. On May 12, 2003, Charles L. Sampson, represented by counsel, pled guilty to one count of sexual battery. Feeling aggrieved by the sentence he received, he filed a motion for post-conviction relief (PCR) in the Bolivar County Circuit Court on July 22, 2011, claiming that he was serving an illegal sentence. The circuit court dismissed Sampson’s PCR motion on August 8, 2011, and Sampson executed the current appeal.
FACTS AND PROCEDURAL HISTORY
¶ 2. In December 2002, Sampson raped his nine-year-old cousin on at least one occasion after picking her up from school. The State ultimately reduced the rape charge to sexual battery, and, on May 12, 2003, Sampson entered a plea of guilty to one count of sexual battery. The circuit court accepted Sampson’s guilty plea after determining that his plea was knowingly, voluntarily, and intelligently given. A judgment of conviction was entered on May 12, 2003. The circuit court informed Sampson that it would be making the decision as to his sentence, that the maximum penalty for the crime of sexual battery was thirty years in the custody of the Mississippi Department of Corrections (MDOC), and the minimum sentence was zero years in the custody of the MDOC. The State recommended “five years in the custody— under the supervision and control of the [MDOC].”
¶ 3. After accepting Sampson’s guilty plea and advising him of the maximum and minimum sentences available, the circuit court recessed on sentencing Sampson until May 27, 2003. At Sampson’s sentencing hearing, his attorney requested the circuit court accept the State’s recommendation of five years in the custody of the MDOC; however, the circuit court sentenced Sampson to “fifteen years in an institution under the direction and control of the [MDOC].” Sampson was ordered to serve ten years in the custody of the MDOC, and the remaining five years were suspended subject to the “standard terms of probation.”
¶ 4. Over eight years later, on July 22, 2011, Sampson filed a PCR motion requesting his sentence be vacated because he was serving an illegal sentence. In its order entered on August 8, 2011, the circuit court acknowledged that in addition to the July 22, 2011 PCR motion, Sampson had filed numerous other motions with the circuit court and the Mississippi Supreme Court. The circuit court summarily dismissed Sampson’s PCR motion because it found that Sampson presented no new evidence in his current PCR motion; “[tjherefore, this motion [was] duplicative and successive and [was] barred by [Mississippi Code Annotated section] 99-39-23(6).”
¶ 5. Based on the dismissal of his PCR motion, Sampson executed the current appeal. On appeal, his sole issue is that he is “presently serving an illegal sentence which implicates a violation of his due process of law.”
ANALYSIS
¶ 6. “When reviewing a circuit court’s denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are ‘clearly erroneous’; however, we review the circuit court’s legal conclusions under a de novo standard of review.” Boyd v. State, 65 So.3d 358, 360 (¶ 10) (Miss.Ct.App.2011) (quoting Council v. Miss. Dep’t of Corr., 51 So.3d 256, 258 (¶ 7) (Miss.Ct.App.2011)).
*172 ¶ 7. In his brief, Sampson asserts that the circuit court originally sentenced him to the State’s recommended five-year sentence at his guilty-plea hearing, but on May 27, 2003, the circuit court changed the sentence to fifteen years in the custody of the MDOC. He further submits that his claim that his sentence is illegal is not subject to the procedural bars of the Uniform Post-Conviction Collateral Relief Act because he raises a fundamental constitutional right. It also appears to us that Sampson is attempting to avoid procedural bars by arguing that his sentence is illegal when, in essence, he is arguing that his plea was not knowingly and voluntarily given because he was under the impression that he would receive the State’s recommended sentence of five years.
¶ 8. Sampson is correct in his assertion that the right to be free from an illegal sentence is a fundamental right and is not subject to procedural bars. See Ivy v. State, 731 So.2d 601, 603 (¶ 13) (Miss.1999); Brown v. State, 923 So.2d 258, 259-260 (¶¶ 3-4) (Miss.Ct.App.2006). However, Sampson is incorrect in his argument that his sentence is illegal. In Brown v. State, 923 So.2d 258, 260 (¶ 4) (Miss.Ct.App.2006) (citing House v. State, 754 So.2d 1147, 1150 (¶ 8) (Miss.1999), this Court held:
[Pjast precedent regarding the fundamental right to be free from an illegal sentence does not provide a “back door” method for raising an untimely post-conviction[-]relief claim based on a claim of involuntariness of a guilty plea. An illegal sentence in this context is one which exceeds the statutory maximum.
Thus, Sampson’s argument that his fifteen-year sentence is illegal is not a valid argument because a fifteen-year sentence is clearly within the statutory maximum of thirty years. We will not address whether Sampson’s guilty plea was voluntarily and knowingly given because the issue is subject to procedural bars.
¶ 9. Further, a review of the record indicates that the circuit court did not impose a sentence on Sampson at his guilty-plea hearing on May 12, 2003. Instead, the circuit court stated that it was “going to take a recess on the sentence.” The State did present its plea recommendation of five years in the custody of the MDOC at Sampson’s guilty plea-hearing; however, the circuit court explained to Sampson that it would be the circuit court that ultimately decided what sentence Sampson would receive. At his guilty-plea hearing, Sampson acknowledged that he understood that the circuit court would be making the final decision as to his sentence. The record unambiguously shows that the circuit court did not impose a sentence at Sampson’s guilty-plea hearing, but it waited until the sentencing hearing on May 27, 2003, to reject the State’s recommendation and impose on Sampson a fifteen-year sentence, with ten years to serve and five years suspended.
¶ 10. The circuit court summarily dismissed Sampson’s PCR motion because it failed to present new evidence and was successive according to Mississippi Code Annotated section 99-39-23(6) (Supp. 2012). Sampson’s claim that his sentence is illegal is not a valid claim because his sentence is clearly within the statutory minimum and maximum for the crime. Because his claim of an illegal sentence is not valid, Sampson is subject to the Uniform Post-Conviction Collateral Relief Act’s procedural bars, including the successive-writ bar, which the circuit court based its decision on, and the time-bar under Mississippi Code Annotated section 99-39-5(2) (Supp.2012). Sampson’s PCR motion was not filed within three years from the date of the entry of his guilty plea and judgment of conviction; thus, it *173 was time-barred, and no exceptions to the time-bar are applicable.
¶ 11. Therefore, Sampson’s claim that his sentence is illegal because the circuit court originally sentenced him to five years in the custody of the MDOC is without merit.
¶ 12. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.