# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-KA-00963-SCT

*RONALD SHINSTOCK a/k/a RONALD JOSEPH SHINSTOCK a/k/a RONALD J. SHINSTOCK*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/01/2016 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN, III |
| TRIAL COURT ATTORNEYS: | JEANINE M. CARAFELLO |
| | BRAD MARSHALL HUTTO |
| | JOEY WAYNE MAYES |
| | M. JUDITH BARNETT |
| | MICHAEL GUEST |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF THE STATE PUBLIC DEFENDER |
| | BY: MOLLIE MARIE McMILLIN |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: KAYLYN HAVRILLA McCLINTON |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 06/29/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., COLEMAN AND MAXWELL, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1. Ronald Shinstock appeals his sale-of-methamphetamine conviction. He argues the trial court should have excluded some of the State's evidence based on an alleged Fourth

Amendment violation. But Shinstock concedes he never asserted a Fourth Amendment claim in the trial court. So he forfeited this issue. And the record does not support a finding of plain error. The record also does not sufficiently support Shinstock's only other appellate claim—ineffective assistance of counsel. So we decline to address this issue on direct appeal.

¶2. We therefore affirm Shinstock's conviction and sentence.

**Background Facts and Procedural History**

¶3. When Rankin County sheriff's deputies found William Valentine in possession of methamphetamine, they offered Valentine the option to work off his charges by participating in a controlled buy from his supplier. Valentine agreed and called his dealer, Shinstock, to set up a buy. Deputies then outfitted Valentine with a hidden camera and $260 in cash to buy an "eight ball" of methamphetamine.

¶4. Valentine and Investigator Brett McAlpin drove to Shinstock's neighborhood. McAlpin waited in a wooded area near Shinstock's house while Valentine went inside the house and exchanged the cash for drugs. After the deal, Valentine drove to a nearby school where he met another officer, Deputy Tyson. Valentine turned over the drugs to Tyson, who then drove to Shinstock's house to meet McAlpin.

¶5. The two officers entered Shinstock's house to arrest him. Following the arrest, they searched Shinstock's person and found $260 in bills matching the serial numbers of the buy money given to Valentine. They also recovered a set of digital scales from the master bedroom. The Mississippi Crime Laboratory later confirmed the substance Shinstock sold

2

Valentine was 2.8 grams of methamphetamine, a Schedule II controlled substance. And the county tax assessor established the sale occurred within 1,500 feet of a church.

¶6. At trial, the State introduced the drugs and scales, without objection. McAlpin also testified about finding the $260 in marked bills on Shinstock when he arrested him after the deal. The jury found Shinstock guilty of selling more than two grams but less than ten grams of methamphetamine near a church. Because Shinstock was a habitual offender, he was sentenced to the mandatory maximum, which was forty years, based on Section 41-29-142's sentencing enhancement.[1]

¶7. Shinstock has timely appealed. He raises two issues:

(1) His Fourth Amendment right to be free from an illegal arrest was violated when police officers entered his home without a warrant to arrest him and confiscate evidence.

(2) His trial counsel was constitutionally ineffective in failing to file a motion to suppress the evidence gathered during his illegal arrest.

**Discussion**

**I. Warrantless Arrest**

¶8. The Fourth Amendment to the United States Constitution and Article 3, Section 23 of the Mississippi Constitution protect individuals from unreasonable searches and seizures.

---

[1] Mississippi Code Section 41-29-139(b)(1)(B) (Supp. 2016) imposes a maximum twenty-year sentence for the knowing sale of more than two but less than ten grams of a Schedule II substance. Mississippi Code Section 41-29-142 (Rev. 2013) enhances Section 41-29-139's penalty up to twice the amount—or forty years' imprisonment—for violations occurring within 1,500 feet of a church. And the habitual-offender provision of Mississippi Code Section 99-19-81 (Rev. 2015) mandates persons who have been convicted of felonies twice previously and sentenced separately to one year or more in prison be sentenced to the maximum term of imprisonment, in this case forty years.

3

U.S. Const. amend. IV; Miss. Const. art. 3, § 23. A warrantless search or seizure in a person's home is "presumptively unreasonable." ***Payton v. New York***, 445 U.S. 573, 586, 100 S. Ct. 1371,1380, 63 L. Ed. 2d 639 (1980)). To overcome this presumption, the government has the burden to demonstrate "exigent circumstances" necessitated the warrantless entry. ***Welsh v. Wisconsin***, 466 U.S. 740, 750, 104 S. Ct. 2091, 2098, 80 L. Ed. 2d 732 (1984).

¶9.     Shinstock claims the entry into his home to arrest him and subsequent search were warrantless and thus unreasonable. He also suggests there were no "exigent circumstances" to justify the intrusion. Based on this alleged Fourth Amendment violation, he argues the evidence seized following his arrest should have been excluded as inadmissible "fruit of the poisonous tree." *See* ***Marshall v. State***, 584 So. 2d 437, 438 (Miss. 1991) (citing ***Murray v. United States***, 487 U.S. 533, 536, 108 S. Ct. 2529, 2533, 101 L. Ed. 2d 472 (1988)) (explaining the "fruit of the poisonous tree" doctrine—also known as the exclusionary rule— deems inadmissible any evidence obtained incident to an unlawful search or seizure). But Shinstock did not make this argument before or during trial. He readily admits he never moved to suppress any of the State's evidence or otherwise raised a Fourth Amendment challenge in the trial court. So he clearly forfeited this issue and cannot raise it for the first time on appeal. *See* ***United States v. Olano***, 507 U.S. 725, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993).

¶10.    "The rule that failure to object" at trial bars raising the issue on appeal "applies to Fourth Amendment claims as well." ***Walker v. State***, 913 So. 2d 198, 224 (Miss. 2005)

(citing *Stevens v. State*, 458 So. 2d 726, 730 (Miss. 1984)). In *Walker*, a death-penalty case, the defendant argued the evidence found in his car was inadmissible because the traffic stop leading to the search was illegal. But "[a]t no time at trial did Walker claim that the stop itself was pretextual, thereby rendering inadmissible the . . . items discovered." *Id.* at 225. So we found "this assignment of error . . . procedurally barred from review by this Court." *Id. See also Thornton v. State*, 724 So. 2d 1003, 1005 (Miss. 1998)) (holding the defendant was barred from raising a Fourth Amendment challenge on appeal because he "did not object nor file a motion to suppress to the admission of the contraband at trial").

¶11.    Still, Shinstock asks this Court to find the judge committed plain error in admitting evidence seized following his arrest—evidence he did not attempt to suppress at trial. "Under the plain-error doctrine," this Court "can recognize obvious error which was not properly raised by the defendant and which affects a defendant's 'fundamental, substantive right.'" *Conners v. State*, 92 So. 3d 676, 682 (Miss. 2012) (quoting *Smith v. State*, 986 So. 2d 290, 294 (Miss. 2008)). But in this case, the record reveals no obvious error.

¶12.    "That which is not visible cannot be 'plain.'" *Sykes v. United States*, 373 F.2d 607, 613 (5th Cir. 1966). And from this record, we see nothing to support Shinstock's claim. The record neither shows the search was legal or illegal. *See id.* at 612 ("There is nothing conclusive in the evidence establishing either the legality or illegality of the arrest."). Because Shinstock never challenged the search, the record was not developed. So we are without evidence to carry out the case-by-case, fact-intensive inquiry of whether the search was legal. There is simply nothing for our appellate review.

¶13. "The burden of showing that the error was committed, and is not mere speculation, is on the appellant." *Id.* at 612-13. But here, speculation is all Shinstock offers. He asks us to assume the search was illegal because there is no record proof of a warrant or a warrant exception. To accept Shinstock's reasoning would penalize the State for not introducing evidence to justify the search, when he failed to challenge the legality of it. *See id.* at 613. And it is not our role to speculate what the State "would or could have proved"—or rather would or could not have proved—"by way of explanation and justification." *Id.*

¶14. For this reason, we find no plain error.

## II. Ineffective Assistance of Counsel

¶15. Alternatively, Shinstock argues his trial counsel was constitutionally ineffective because she did not file a motion to suppress. *See* U.S. Const. amend VI (providing "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence"). But "[i]t is unusual for this [C]ourt to consider a claim of ineffective assistance of counsel when the claim is made on direct appeal," because "there is usually insufficient evidence within the record to evaluate the claim." *Wilcher v. State*, 863 So. 2d 776, 825 (Miss. 2003) (quoting *Aguilar v. State*, 847 So. 2d 871, 878 (Miss. Ct. App. 2002)).

¶16. Such is the case here. The record is not sufficient to evaluate Shinstock's ineffective-assistance-of-counsel claim. "[T]he failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel[.]" *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S. Ct. 2574, 2587, 91 L. Ed. 2d 305 (1986). And Shinstock points to nothing else in the record to support his ineffective-assistance claim.

¶17. In other words, the mere failure to file a motion to suppress, in and of itself, cannot support Shinstock's claim his counsel was constitutionally ineffective. And "where the record cannot support an ineffective assistance of counsel claim on direct appeal, the appropriate conclusion is to deny relief, preserving the defendant's right to argue the same issue through a petition for post-conviction relief." *Wilcher*, 863 So. 2d at 825.

¶18. For this reason, we deny Shinstock relief on his ineffective-assistance claim but preserve his right to raise this issue in a motion for post-conviction relief. We affirm the judgment of conviction and sentence of the Rankin County Circuit Court.

¶19. **AFFIRMED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, KING, COLEMAN, BEAM AND CHAMBERLIN, JJ., CONCUR.**