# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CT-00711-SCT

*LORENZO MANUEL*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 10/06/2017 |
| TRIAL JUDGE: | HON. JEFF WEILL, SR. |
| TRIAL COURT ATTORNEYS: | WINSTON JAMES THOMPSON, III |
| | VALORRI CHARAE JONES |
| | THOMAS M. FORTNER |
| | ESEOSA GWENDLINE AGHO |
| | IVON JOHNSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, |
| | FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | THOMAS M. FORTNER |
| | JENNIFER LYNN McGUIRE ROGERS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | JODY EDWARD OWENS, II |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED IN PART; VACATED AND |
| | REMANDED IN PART - 02/23/2023 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Lorenzo Manuel (Manuel) was convicted of second-degree murder and aggravated

assault by a Hinds County jury. At sentencing, the trial judge found that Manuel was a

habitual offender and sentenced him to forty years for second-degree murder and twenty

years for aggravated assault. The judge ordered that these sentences were to run consecutively and *without reduction, suspension, or possibility of parole*. Manuel appealed, and this Court assigned his appeal to the Court of Appeals, which affirmed the trial court's judgment. *Manuel v. State*, No. 2020-KA-00711-COA, 2022 WL 842214, at \*8 (Miss. Ct. App. Mar. 22, 2022).

¶2.    We granted Manuel's petition for writ of *certiorari* to review the trial judge's imposition of a habitual offender sentence. We find that the trial judge lacked sufficient evidence to sentence Manuel as a habitual offender. Additionally, we find that the Court of Appeals erred when it allowed the State to supplement the record with copies of the indictments for Manuel's prior offenses. Therefore, we vacate Manuel's habitual offender sentence and remand the case to the trial court to resentence Manuel as a nonhabitual offender.

## FACTUAL AND PROCEDURAL HISTORY

¶3.    In the early morning hours of April 1, 2015, Robert Manuel (Robert) and Justin Shannon physically fought each other at the Black Diamonds Strip Club. Immediately after the fight, Shannon drove home and informed his girlfriend, Keandria Mitchell, about the altercation with Robert. According to Mitchell, Shannon was so upset about the altercation that it took her thirty to forty minutes to calm him down and get back to bed.

¶4.    Later that morning, Mitchell drove her daughter to Head Start in Hazelhurst before returning home to clean. Shannon and Mitchell then drove to Shannon's other residence in

West Jackson. During the drive, Shannon received several phone calls from Manuel, Robert's cousin. Manuel asked where Shannon was located and said he was "fixing to pull up and that they was going to handle this man to man and that it was messed up for him to do Little Rob how he did." After leaving Shannon's other residence, Shannon and Mitchell stopped at Frank Hobson's house. Shortly after Shannon rolled down the window to speak to Hobson, a car drove up beside Shannon's car. Inside the car were Manuel and Robert, who both started shooting toward Shannon's car. By the time the car pulled off and the shooting stopped, Shannon had been shot six to eight times, and Mitchell had been shot thirteen times.

¶5.     After the shooting, Hobson drove Shannon and Mitchell to the hospital. Shannon was pronounced dead at the hospital while Mitchell survived with permanent injuries. At the hospital, Mitchell identified the shooters both by name and photo lineup as Manuel and Robert.

¶6.     Manuel was convicted by a jury of second-degree murder and aggravated assault. At sentencing, the prosecution offered two prior sentencing orders into evidence and asked the judge to sentence Manuel as a habitual offender. Both orders stated that Manuel had pleaded guilty to the charge of selling hydrocodone. Upon inspection, the judge asked the prosecution whether the two orders were identical. In response, the prosecution noted that the two orders had different cause numbers. "[T]his one is 08-1180. The cause number in the second is 08-1181." And, when asked by the judge if it had anything further, the prosecution replied, "[n]o, Your Honor, other than the fact that I believe that we've presented evidence that

3

shows that he has been charged with two different felonies arising out of separate charges, separate times, and sentenced to a term of one year or more." The judge found, "[t]oday the State has proven, and I so find beyond a reasonable doubt, that you have previously been convicted of at least two felonies on charges separately brought and arising out of separate incidents and at different times and that you have been sentenced to separate terms of one year or more." The judge then sentenced Manuel to forty years for second-degree murder and twenty years for aggravated assault to be served consecutively, *without suspension, reduction, or possibility of parole*.

¶7. On appeal, Manuel challenged the habitual offender sentence for the first time. He argued the prosecution failed to prove that the two prior offenses used to sentence him as a habitual offender arose out of separate incidents at different times. In response, the State filed an unopposed motion to supplement the record with copies of the indictments from Manuel's prior offenses under Rule 10(e) of the Mississippi Rules of Appellate Procedure. The Court of Appeals granted the motion and later affirmed Manuel's convictions and sentences. *Id.* at *8.

## STATEMENT OF THE ISSUES

¶8. In his petition for writ of *certiorari*, Manuel presents several challenges to his convictions and sentences. This Court may, however, "limit the issue(s) we wish to address upon a grant of certiorari." *Jones v. State*, 95 So. 3d 641, 645 (Miss. 2012) (citing *McCain v. State*, 81 So. 3d 1055, 1059 n.5 (Miss. 2012); *Glidden v. State*, 74 So. 3d 342, 345 (Miss.

4

2012); M.R.A.P. 17(h)). Therefore, we only address Manuel's challenge to the habitual offender sentence.

## STANDARD OF REVIEW

¶9. Because Manuel failed to challenge the habitual offender sentence before the trial court, he relies on the plain error doctrine, which allows this Court to address an issue that was not raised in the trial court. *Conners v. State*, 92 So. 3d 676, 682 (Miss. 2012) (citing *Smith v. State*, 986 So. 2d 290, 294 (Miss. 2008)).

¶10. "[T]o 'determine if plain error has occurred, we must determine if the trial court has deviated from a legal rule, whether that error is plain, clear[,] or obvious, and whether the error has prejudiced the outcome of the trial.'" *Green v. State*, 183 So. 3d 28, 31 (Miss. 2016) (second alteration in original) (quoting *Neal v. State*, 15 So. 3d 388, 403 (Miss. 2009)). Additionally, "[f]or the plain-error doctrine to apply, there must have been 'an error that resulted in a manifest miscarriage of justice or "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."'" *Hall v. State*, 201 So. 3d 424, 428 (Miss. 2016) (second alteration in original) (quoting *Brown v. State*, 995 So. 2d 698, 703 (Miss. 2008)).

## DISCUSSION

¶11. Manuel argues that the trial judge erred by sentencing him as a habitual offender because the sentencing orders presented by the prosecution failed to show, beyond a reasonable doubt, that his prior convictions arose out of separate incidents at different times.

*See* Miss. Code. Ann. § 99-19-81 (Rev. 2015).[1] He concedes that he failed to make this argument before the trial court and now asks this Court to consider plain error review.

¶12.    "'Under the plain error doctrine,' this Court 'can recognize obvious error which was not properly raised by the defendant and which affects a defendant's "fundamental, substantive right.""" ***Shinstock v. State***, 220 So. 3d 967, 970 (Miss. 2017) (quoting ***Conners***, 92 So. 3d at 682). This Court has held that "[a]n accused has a fundamental right to be free of an illegal sentence." ***Grayer v. State***, 120 So. 3d 964, 969 (Miss. 2013) (citing ***Kennedy v. State***, 732 So. 2d 184, 186 (Miss. 1999)). And "an illegal sentence is one that 'does not "conform to the applicable penalty statute.""" ***Id.*** (quoting ***Foreman v. State***, 51 So. 3d 957, 962 n.22 (Miss. 2011)). "In other words, a sentence is not illegal unless it exceeds the maximum statutory penalty for the crime." ***Id.*** (citing ***House v. State***, 754 So. 2d 1147, 1150 (Miss. 1999); ***Brown v. State***, 923 So. 2d 258, 260 (Miss. Ct. App. 2006)).

¶13.    Manuel was convicted of second-degree murder under Mississippi Code Section 97-3-19(1)(b) (Rev. 2020) and of aggravated assault under Mississippi Code Section 97-3-7(2)(a) (Rev. 2014). The applicable penalty for second-degree murder is "not less than twenty (20) *nor more than forty (40) years* in the custody of the Department of Corrections." Miss. Code Ann. § 97-3-21(2) (Rev. 2020) (emphasis added). The applicable penalty for aggravated assault is "*not more than twenty (20) years*" in the Penetentiary. Miss. Code

---

[1] Manuel was charged and sentenced as a habitual offender under the prior version of Section 99-19-81, which was in place until June 30, 2018.

Ann. § 97-3-7(2)(a) (emphasis added). The trial judge sentenced Manuel to a term of forty years for second-degree murder and a term of twenty years for aggravated assault to be served consecutively *without suspension, reduction, or possibility of parole*. And, in the context of a habitual offender sentence, we have held that the enhancement *without suspension, reduction, or possibility of parole* combined with the maximum sentence of the substantive crime "exceeds the maximum statutory penalty for the crime." ***Grayer***, 120 So. 3d at 969 (citing ***House***, 754 So. 2d at 1150; ***Brown***, 923 So. 2d at 260).

¶14.    "When the defendant is indicted as a habitual offender, '[a] jury is to decide the question of guilt and subsequently the circuit judge is to serve as the finder of fact in determining whether the habitual offender portion of the indictment is established by the requisite degree of proof.'" ***Brent v. State***, 296 So. 3d 42, 51 (Miss. 2020) (alteration in original) (internal quotation marks omitted) (quoting ***Conner v. State***, 138 So. 3d 143, 151 (Miss. 2014)). Section 99-19-81, at the time Manuel was sentenced, provided:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and *arising out of separate incidents at different times* and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution . . . shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81 (Rev. 2015) (emphasis added). Manuel argues the sentencing orders were not sufficient to prove that his prior convictions arose out of separate incidents at different times. The sentencing orders each state that Manuel pleaded guilty to selling

7

hydrocodone. The orders are identical, except for the cause numbers. As noted by the prosecution at sentencing, one order is for cause number 08-1180 and the other is for cause number 08-1181.

### A.    Presentence Report

¶15.    The State argues that there was sufficient evidence to prove Manuel's prior convictions arose out of separate incidents at different times. First, the State argues that the trial judge relied on both the sentencing orders and information from the presentence report when he found Manuel was a habitual offender. But, as the State concedes, the presentence report is not a part of the record, meaning that this Court is unable to determine whether the report contains information sufficient to support Manuel's sentence. The State never offered the presentence report as evidence at Manuel's sentencing hearing.[2] And, to uphold a habitual offender sentence, this Court requires "that the prosecution prove the prior offenses by competent evidence." *Keyes v. State*, 549 So. 2d 949, 951 (Miss. 1989) (citing *Young v. State*, 507 So. 2d 48, 50 (Miss. 1987)). The only evidence offered by the prosecution at the sentencing hearing was the two sentencing orders.

### B.    State's Rule 10(e) Motion

¶16.    Alternatively, the State directs this Court to its motion under Rule 10(e) of the

---

[2] The State argues that *Ryan v. State*, 245 So. 3d 491, 497 (Miss. Ct. App. 2017), suggests that a presentence report is competent evidence of prior convictions. In that case, however, the State used the presentence report as evidence to prove the defendant's habitual offender status. *Id.*

Mississippi Rules of Appellate Procedure. Notably, Manuel did not oppose the motion, and the Court of Appeals granted the motion. The motion allowed the State to supplement the record with copies of the indictments for Manuel's prior convictions. The indictments reflect that the hydrocodone sale in cause number 08-1181 was committed on or about August 20, 2008, while the hydrocodone sale in cause number 08-1180 was committed on or about August 26, 2008. Thus, the State argues, it proved that Manuel's prior convictions arose out of separate incidents at different times.

¶17. The Court of Appeals' opinion reveals these indictments were considered when it affirmed Manuel's sentence.

> The indictments in the supplemental record show that Manuel's two prior convictions arose from two different drug sales that occurred on different days—one on August 20, 2008, and the other on August 26, 2008. Thus, Manuel's prior convictions clearly arose "out of separate incidents at different times," as required by the statute.

*Manuel*, 2022 WL 842214, at *6 (quoting ***Cook v. State***, 161 So. 3d 1057, 1069-70 (Miss. 2015)). But the Court of Appeals' decision to grant the State's Rule 10(e) motion was an error and cannot be supported by the language of the rule.

¶18. Rule 10(e) of the Mississippi Rules of Appellate Procedure provides:

> If anything material to either party is omitted from the record by error or accident or is misstated in the record . . . either appellate court on proper motion or of its own initiative, may order that the omission or misstatement be corrected, and, if necessary, that a supplemental record be filed.

M.R.A.P. 10(e). In its motion, the State argued that it was necessary to supplement the record with the indictments in order to address Manuel's "new suggestion that [he] is not, in fact,

a habitual offender as contemplated by the statute." The State does not show or even argue that the indictments offered were omitted from the record or misstated in the record as required by Rule 10(e). The Court of Appeals, in granting the motion, stated that "[t]he State asserts the supplementation is necessary to address an argument made by Manuel for the first time on appeal regarding his sentence as a habitual offender in Hinds County Circuit Court cause number 15-cr-660, which he argues was plain error." Order, *Manuel*, No. 2020-KA-00711-COA (Miss. Ct. App. Mar. 17, 2021). Not only does Rule 10(e) fail to support the State's grounds for supplementing the record, but Rule 10(f) and this Court's precedent also expressly forbid them.

¶19.   Rule 10(f) of the Mississippi Rules of Appellate Procedure limits the authority to add or subtract from the record.

> Nothing in this rule shall be construed as empowering the parties or any court to add to or subtract from the record *except insofar as may be necessary to convey a fair, accurate, and complete account of what transpired in the trial court* with respect to those issues that are the bases of appeal.

M.R.A.P. 10(f) (emphasis added). The State did not argue that a "fair, accurate, and complete account of what transpired in the trial court" would include copies of Manuel's indictments for hydrocodone sales. *Id.* The transcript from Manuel's sentencing hearing confirms that the only evidence offered by the State was the sentencing orders. The State did not contest the accuracy of the sentencing hearing transcript. Instead, the State introduced evidence at the appellate level that was never presented before the trial court. "But '[t]his Court has held that Rule 10(e) "is *not a vehicle for admitting new evidence into the record,* a role generally

10

reserved for the trial court; rather Rule 10(e) is a method for correcting the appellate record to reflect what occurred in the trial court.'"'" *Miss. True v. Dzielak*, 293 So. 3d 243, 248 (Miss. 2020) (alteration in original) (emphasis added) (quoting *Russell v. Humphreys Cnty. Bd. of Supervisors (In re Validation of Tax Anticipation Note, Series 2014)*, 187 So. 3d 1025, 1031 (Miss. 2016)); *see also* *Corrothers v. State*, 148 So. 3d 278, 315 (Miss. 2014). This Court, by its Rules of Appellate Procedure, has limited the authority of courts and parties to supplement the record under 10(e). *See* M.R.A.P. 10(f). And supplementing the record with evidence that was never presented to the trial court does not fall within that authority. Therefore, it was error for the State to supplement the record in this way, and it was error for the Court of Appeals to grant the State's Rule 10(e) motion.

### C. Sufficiency of the Evidence

¶20. "When reviewing the sufficiency of the evidence, we ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of [Section 99-19-81] beyond a reasonable doubt." *Brent*, 296 So. 3d at 52 (alteration in original) (internal quotation marks omitted) (quoting *Martin v. State*, 214 So. 3d 217, 222 (Miss. 2017)). Because the only evidence offered by the prosecution at Manuel's sentencing hearing was the sentencing orders, we limit our inquiry to the sufficiency of that evidence.

¶21. Section 99-19-81 requires that the two prior felonies or federal crimes used to sentence the defendant as a habitual offender "aris[e] out of separate incidents at different

11

times." In interpreting this requirement, this Court has remarked that the "events should be sufficiently separate that the offender's criminal passions may have cooled so that he has time to reflect[.]" *Pittman v. State*, 570 So. 2d 1205, 1206 (Miss. 1990). "Conversely, two offenses committed in rapid succession do not suggest the same repetitiveness of criminal design such that the offender may be thought predictably habitual thereafter[.]" *Id.* And, when deciding whether the prior convictions are sufficiently separate, we have looked at the facts of each conviction. *Id.*

¶22.   In *Pittman*, this Court found that breaking into two different schools met the statutory requirement of separate incidents at different times. *Id.* Even though the crimes were committed on the same day, the schools were close together, and the schools had "common use of the auditorium and cafeteria," the fact that the crimes involved burglarizing two separate buildings was sufficient. *Id.* Similarly, in *Burt v. State*, 493 So. 2d 1325, 1329 (Miss. 1986), this Court found that breaking and entering two separate dwelling houses met the requirement of separate incidents at different times even though the acts were done on the same day and at the same address. Meanwhile, in *Riddle v. State*, 413 So. 2d 737, 738 (Miss. 1982), this Court found that the kidnapping and rape of a victim and burglary of the dwelling within which that victim was sleeping were not separate incidents under the habitual offender statute.

¶23.   In Manuel's case, however, the record is devoid of any facts surrounding Manuel's prior offenses. The record reflects only that Manuel pleaded guilty two times to selling

hydrocodone. From the record, this Court cannot determine whether the drug sales occurred in rapid succession, which would "not suggest the same repetitiveness of criminal design such that the offender may be thought predictably habitual thereafter," or whether the sales occurred on different days or in different locations. *Pittman*, 570 So. 2d at 1206. Ultimately, it is unclear whether Manuel's prior convictions align more with cases like *Pittman* and *Burt*, in which we found the defendant's convictions were sufficiently separate, or with a case like *Riddle*, in which we found the defendant's convictions were not sufficiently separate.

¶24.    After viewing the evidence offered at Manuel's sentencing hearing in the light most favorable to the prosecution, it is clear that no "rational trier of fact could have found the essential elements of [Section 99-19-81] beyond a reasonable doubt." *Brent*, 296 So. 3d at 52 (alteration in original) (internal quotation marks omitted) (quoting *Martin*, 214 So. 3d at 222). Specifically, the State clearly did not establish that Manuel's prior convictions arose from separate incidents at different times. It was, therefore, error for the trial judge to sentence Manuel as a habitual offender. We find that Manuel was prejudiced by this error and that this error "seriously affect[s] the fairness . . . of judicial proceedings." *Hall*, 201 So. 3d at 428 (first alteration in original) (internal quotation marks omitted) (quoting *Brown*, 995 So. 2d at 703). Thus, this Court vacates Manuel's sentence and remands this case for resentencing in the trial court.

¶25.    On remand, "the State does not get 'a second chance to prove . . . habitual-offender

13

status, because that would violate the prohibition against double jeopardy under the Mississippi Constitution.'" ***Ward v. State***, 346 So. 3d 868, 874 (Miss. 2022) (alteration in original) (quoting ***Grayer***, 120 So. 3d at 969-70). Therefore, this case is remanded to the trial court for resentencing for the substantive crimes (second-degree murder and aggravated assault) only. ***Id.***

## CONCLUSION

¶26.    The judgment of the Court of Appeals is affirmed in part and vacated in part. We affirm Manuel's convictions, vacate his habitual offender sentence, and remand the case to the trial court to resentence Manuel as a nonhabitual offender.

¶27.    **AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**