# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-KA-00876-SCT

*CAYCE WILLIAM JONES*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/08/2023 |
| TRIAL JUDGE: | HON. MICHAEL PAUL MILLS, JR. |
| TRIAL COURT ATTORNEYS: | CARTER DOBBS, JR. |
| | NEBRA EVANS PORTER |
| | PAUL CARROLL GAULT |
| | SARAH ELIZABETH GARDNER |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| |    ZAKIA B. CHAMBERLAIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: KATY TAYLOR SARVER |
| DISTRICT ATTORNEY: | JASON D. HERRING |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 02/27/2025 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**COLEMAN, PRESIDING JUSTICE , FOR THE COURT:**

¶1.     Cayce William Jones argues that he received ineffective assistance of counsel due to his trial counsel's failure to file post-trial motions. Because Jones fails to show that his counsel's decision not to file a motion for a new trial prejudiced his defense, his ineffective-assistance-of-counsel claim fails. Thus, we affirm Jones's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2. In 2012, the victim's mother rekindled a relationship with her high school boyfriend, Jones, and moved into Jones's house with her two children from a previous relationship. After moving into the house, Jones sexually battered the victim. A grand jury indicted Jones for one count of sexual battery and one count of fondling. After a trial, a Monroe County jury convicted Jones on both counts.

¶3. Jones appeals a single issue, *i.e.*, whether Jones received ineffective assistance of counsel because his trial counsel failed to file post-trial motions.

## DISCUSSION

¶4. Jones argues that his trial counsel was constitutionally ineffective for counsel's failure to file a post-trial motion for a new trial.

¶5. Ineffective-assistance-of-counsel claims are sometimes better suited to be addressed in a post-conviction relief proceeding, but our Court will address such claims on direct appeal when "[1] the record affirmatively shows ineffectiveness of constitutional dimensions, or [2] the parties stipulate that the record is adequate and the Court determines that the findings of fact by a trial judge able to consider the demeanor of witnesses, etc.[,] are not needed." ***Ross v. State***, 288 So. 3d 317, 324 (¶ 29) (Miss. 2020) (alterations in original) (internal quotation marks omitted) (quoting ***Bell v. State***, 202 So. 3d 1239, 1242 (Miss. 2016)). "This Court has also resolved ineffective-assistance-of-counsel claims on direct appeal when the record affirmatively shows that the claims are without merit." ***Id.*** (citing ***Swinney v. State***, 241 So. 3d 599, 613 (Miss. 2018); ***Ashford v. State***, 233 So. 3d 765, 779-

81 (Miss. 2017)).

¶6.     Jones contends the record is adequate, but the record before us today affirmatively shows that Jones's ineffective-assistance-of-counsel claim is without merit. *Id.* (¶ 30).  As such, our Court may address Jones's claim on direct appeal, rather than in a post-conviction relief proceeding. *Id.*

> "The benchmark for judging any claim of ineffectiveness [of counsel] must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Galloway v. State*, 374 So. 3d 452, 468 (Miss. 2023) (alteration in original) (internal quotation marks omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).  "To succeed on an ineffective-assistance-of-counsel claim, the defendant must show that (1) his counsel's performance was deficient, and (2) this deficiency prejudiced his defense."  *Ashford v. State*, 233 So. 3d 765, 779 (Miss. 2017) (citing *Puckett v. State*, 879 So. 2d 920, 935 (Miss. 2004)).  "To establish deficient performance, a defendant must show his attorney's representation fell below an objective standard of reasonableness."  *Ross* [*v. State*], 954 So. 2d [968], 1003 [(Miss. 2007)] (citing *Davis v. State*, 897 So. 2d 960, 967 (Miss. 2004)).  "To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different."  *Id.* at 1003-04 (citing *Davis*, 897 So. 2d at 967).  "[]The Court strongly presumes that counsel's conduct falls within the wide range of reasonable professional assistance, and the challenged act or omission might be considered sound trial strategy."  *Ross*, 288 So. 3d at 324 (internal quotation marks omitted) (quoting *Swinney v. State*, 241 So. 3d 599, 613 (Miss. 2018))."

*Archie v. State*, 387 So. 3d 963, 977 (¶ 55) (Miss. 2024).

¶7.     Jones's claim that his trial counsel was constitutionally ineffective by opting not to file a motion for a new trial fails.  Whether Jones's trial counsel had a duty to file a motion for a new trial implicates only the first *Strickland* prong, *i.e.*, deficiency of the lawyer's performance. *Strickland*, 466 U.S. at 677.  To succeed on his insufficient-assistance-of-

counsel claim, Jones must also show a reasonable probability that the motion for a new trial would have succeeded. *Archie*, 387 So. 3d at 977 (citing *Ross*, 954 So. 2d at 1003). He fails on appeal to demonstrate that it was reasonably probable that the motion would have been granted. *Ivory v. State*, 283 So. 3d 108, 119 (¶ 49) (Miss. 2019).

¶8. As an initial matter, the very nature of a motion for a new trial stacks the deck against Jones. "A motion for a new trial 'is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates *heavily* against the verdict.'" *Warren v. State*, 187 So. 3d 616, 628 (¶ 32) (Miss. 2016) (quoting *Bush v. State*, 895 So. 2d 836, 844 (¶ 18) (Miss. 2005), *overruled on other grounds by Little v. State*, 233 So. 3d 288, 291 (¶ 16) (Miss. 2017)).

¶9. Jones argues that it was reasonably probable that the trial court would have granted a motion for a new trial because the evidence showed that the victim's behavior immediately preceding her accusation against Jones belied the accusation itself. For example, during the time of the alleged abuse, the victim exchanged text messages with Jones that contained no indication that their relationship was abnormal. Immediately prior to making the accusation against Jones to her mother, the victim asked Jones to help her shop for things to salvage a backyard sleep over. Jones further contends that the victim's accusations against Jones were shocking to the victim's mother. The victim's mother indicated that she did not believe the accusations at first. Jones's record was devoid of any other crime or instances of abuse. Finally, Jones points to his own testimony to the effect that the home in which the family

4

lived was old and noisy, and the instances of abuse would have been overheard.

¶10. The above-described evidence is countered by the State's evidence. For example, the victim testified that Jones would come into her room at night, turn her over, expose her chest, and suck on her breasts. She testified that he would pull her pants and underwear down and touch her "private parts." She further testified that on occasion he would put his "private parts" in her mouth. She testified that Jones's behavior lasted a month. The State called Jazmin Kimmons, an expert in forensic interviewing, who testified that the victim's interview with her was consistent with what would be expected of an abused child.

¶11. The trial of the instant case involved conflicting testimony that created a factual dispute regarding Jones's guilt, and "[a]ny factual disputes are properly resolved by the jury and do not mandate a new trial." *Smiley v. State*, 815 So. 2d 1140, 1145 (¶ 19) (Miss. 2002) (quoting *Bailey v. State*, 729 So. 2d 1255, 1263 (Miss. 1999), *disagreed with by Dilworth v. State*, 909 So. 2d 731 (Miss. 2005)).

¶12. Had counsel for Jones filed a motion for a new trial, the motion would almost certainly have failed. Jones falls short of showing a reasonable probability of success, and, as a result, his claim for ineffective assistance of counsel fails under *Strickland*'s prejudice requirement.

**CONCLUSION**

¶13. Because Jones fails to show that his counsel's decision not to file a motion for a new trial prejudiced his defense, his ineffective-assistance-of-counsel claim fails. Thus, we affirm Jones's conviction and sentence.

5

¶14.   **AFFIRMED.**

**RANDOLPH, C.J., MAXWELL, CHAMBERLIN, ISHEE, SULLIVAN AND BRANNING, JJ., CONCUR. KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, J.**

**KING, PRESIDING JUSTICE, DISSENTING:**

¶15.   Because I would find that Cayce Jones's claim would be better addressed through post-conviction relief, I respectfully dissent. Post-trial, Jones's trial attorney filed a motion for extension of time to file a notice of appeal. He then filed a motion to withdraw as counsel and for appointment of appellate counsel, stating that he was not retained to perfect an appeal and that Jones was indigent. The trial court allowed him to withdraw as Jones's counsel. Jones's trial counsel did not, however, file a motion for a new trial challenging the overwhelming weight of the evidence.

¶16.   Jones argues that his trial counsel was constitutionally ineffective for his failure to file post-trial motions. "[T]o prevail on an ineffective-assistance-of-counsel claim, a defendant must first prove that his counsel was deficient, which requires showing that 'counsel made errors so serious that he or she was not functioning as the counsel guaranteed the defendant by the Sixth Amendment.'" *Cork v. State*, 329 So. 3d 1183, 1192 (Miss. 2021) (alteration in original) (internal quotation marks omitted) (quoting *Chamberlin v. State*, 55 So. 3d 1046, 1050 (Miss. 2010)). "We look at the totality of the circumstances to determine whether counsel's efforts were both deficient and prejudicial." *Dartez v. State*, 177 So. 3d 420, 423 (Miss. 2015) (citing *Holly v. State*, 716 So. 2d 979, 989 (Miss. 1998)).

¶17.   This Court, however, "is limited to the trial-court record in its review of the claim(s)

6

. . . ." *Id.* (citing *Archer v. State*, 986 So. 2d 951, 955 (Miss. 2008)). Therefore, "'[i]t is unusual for this [C]ourt to consider a claim of ineffective assistance of counsel when the claim is made on direct appeal,' because 'there is usually insufficient evidence within the record to evaluate the claim.'" *Shinstock v. State*, 220 So. 3d 967, 971 (Miss. 2017) (alterations in original) (quoting *Wilcher v. State*, 863 So. 2d 776, 825 (Miss. 2003)). Here, although Jones's counsel failed to file post-trial motions, he filed a motion to withdraw and for appointment of appellate counsel and stated that Jones had not retained him to perfect an appeal. Thus, it is unclear from the record whether Jones's trial counsel had a duty to file post-trial motions. Therefore, I would affirm Jones's conviction but preserve his right to raise his ineffective-assistance issue in a motion for post-conviction relief.

**GRIFFIS, J., JOINS THIS OPINION.**